Berkard S. Meter, J.
Petitioners own a parcel of property in Woodmere which has a total area of 13,376 square feet and fronts on Ibsen Street a distance of 30.45 feet on its northerly line, on Forest Avenue 214.02 feet on its westerly line, on Howard Avenue 188.65 feet on its easterly line, and has a southerly line of 105.65 feet. They have contracted to sell the northerly portion of the parcel, which has a total area of 6,460 square feet, frontage on Forest Avenue of 132.05 and on Howard Avenue of 112.15 and which is vacant land. The sale will leave them with a plot of 6,916-square foot area, on which is situated a dwelling erected by their predecessor in title after obtaining a variance for an 18-foot setback from Forest Avenue on which the dwelling fronts. The contract vendee proposes to erect a dwelling on the northerly parcel that would be set back 60 feet from Ibsen Street, 17 feet from Howard Avenue, 14 feet from Forest Avenue at the closest point and 29 feet from Forest Avenue at the most distant point, and 5 feet from the southerly line, and includes a cantilever of more than 24 inches. The building inspector having disapproved the application as in violation of sections B-4.2, B-6.1 and B-7.1 of article 5 of the ordinance, petitioners appealed from that determination and applied for variance of those requirements. The application was denied by the Board of Appeals because (1) the prior owner in obtaining the variance for the 18-foot front setback represented that the entire 13,376-square foot parcel would be maintained as a single plot; (2) petitioners did not establish practical difficulty; (3) the variance, if granted, would impose a threat to public health, safety and welfare of the area; (4) petitioners seek to divide a conforming plot into two building plots. This article 78 CPLB proceeding was then commenced. In their answer respondents raised the issue of timeliness, but when that issue came on for hearing withdrew the defense. On the merits the determination of the board is annulled and the matter remanded to the board for further proceedings not inconsistent herewith.
Both the property which is the subject of the present application and the southerly portion which will remain in petitioners’ hands have an area of more than 6,000 square feet and a width of at least 55 feet at the front setback line. Both are, therefore, *29 insofar as section B-10.1 of the ordinance is concerned, build-able plots, and the only prohibition in the ordinance with respect to subdivision is that of section B-10.2 against subdivision “ in such a manner that the resulting plot on which such building remains shall not comply with Section B-10.1.” Division of the larger conforming plot into two smaller but still conforming plots is no ground for denial- of the application.
The representation of the prior owner is not a sufficient ground for denial of the application for several reasons. In the first place, the record of the prior case was not made part of this record and it is, therefore, impossible to tell whether the board is relying upon a statement on the record in the prior proceeding or simply on the recollection of one of its members as to what transpired some 15 years ago. While the board is entitled to rely upon facts within the personal knowledge of its members provided they are disclosed in its decision, a serious due process question may arise if that principle is stretched to encompass such a recollection. At the very least, petitioners are entitled to a sufficient disclosure to enable them to ascertain whether the recollected fact can be refuted so that they can ask for a reopening of the hearing for that purpose, (Hot Shoppes v. Clouser, 231 F. Supp. 825; see Note, 16 Syracuse L. Rev. 568, 576; cf. Matter of Russo v. Stevens, 7 A D 2d 575). Secondly, unless petitioners had actual or constructive notice of the representation by their predecessor in title, it cannot be binding upon them. The record contains nothing to substantiate notice of either type.
The finding that the variance if granted would impose a threat to public health, safety and welfare is wholly conclusory. The only evidence in the record relevant to such a finding was the statement that there had been traffic accidents at the Ibsen and Howard intersection. Since the record shows that there are stop signs on either side of Howard and that the proposed house would be set back 60 feet from Ibsen, there is no basis for a conclusion that granting the variance would add to the traffic hazard, if that is what the ‘ finding ’ ’ relates to.
Nor, finally, can it be said that petitioners wholly failed to establish practical difficulty. Under the definitions of ‘ ‘ front yard ” and “ rear yard ” in sections D-l.ll and D-1.13 of the ordinance; a setback of 25 feet from each of the four lot lines is required. If the ordinance is strictly applied, the contract vendee could build only a triangular house of approximately 400 square feet floor area, and about 18 feet wide at its widest point. Clearly, therefore, petitioners have shown themselves to be entitled to some relief as to setbacks. The difficulty is that *30 the record does not substantiate.that petitioners are entitled to all of the relief requested nor that they are entitled to any particular part of it. On the record before the board, denial of the individual setback variances was not improper, but petitioners had shown themselves to be entitled to “ a reasonable variance ” (Matter of Richards v. Zoning Bd. of Appeals, 285 App. Div. 287) of at least some of the setbacks. On remand petitioners should be permitted to present additional evidence as to the difficulty involved with respect to each of the variances requested.