■ In the Matter of LOUIS PETROCCI et al., Petitioners, v. ZONING BOARD OF APPEALS OF THE TOWN OF CAMILLUS et al., Respondents.— Determination unanimously confirmed, without costs. Memorandum: Since this article 78 proceeding seeks review of the determination of a Town Zoning Board of Appeals, Special Term should have disposed of the matter on the merits instead of transferring it to this court (Town Law, § 267, subd. 7; Anderson, Zoning Law and Practice in New York State [1963 ed.] § 22.10). Nevertheless, the matter having been argued before us, in the interest of expedition we entertain and decide it (*Matter of Circle Cts.* v. *Lane,* 29 A D 2d 620). In September, 1970 a special use permit was granted to petitioners upon specified conditions for the construction of a mobile home park. Principal conditions were that before any construction should begin a final plan for the project be approved by respondent Zoning Board of Appeals and that the project be completed within 18 months of the start of construction and no later than 24 months from the date of permit. Subject to agreement that no construction would begin until further plans were approved, the Town Building Inspector issued a building permit to petitioners in April, 1971, but revoked it two weeks later, "until such time as your final plans are submitted" and approved, and suggested that petitioners apply for an excavation permit. Petitioners neither appealed that revocation, as they had the right to do (Town Law, § 267, subd. 2; Zoning Ordinance of Town of Camillus, § 26-16 (F) (2) (a)), nor did they apply for an excavation permit. They did nothing for a year. In May, 1972 they applied to respondent for a reissuance of the building permit, and the application was granted. In July, 1972 petitioners ordered the sewage treatment facility for the project, which facility had been tentatively approved by the County Health Department. On August 7, 1972, 35 days before the end of the two-year period for completion of the project, petitioners applied for a 13-month extension of the completion period. Pursuant to the zoning ordinance this application was submitted to the Planning Board, which recommended denial or at least that petitioners be required to comply with the provisions of the new Mobile Home Park Ordinance which had been enacted in August, 1971. A public hearing on the application was held on September 5, 1972 after which respondent denied the application because of (1) lack of diligence on the part of petitioners (2) failure of petitioners to take lawful steps to review the revocation of a building permit and (3) failure of petitioner to submit plans as provided in the original permit. Upon this record we cannot hold that respondent acted illegally, arbitrarily or capriciously or abused its discretion. It appears that during the two-year period petitioners did virtually nothing toward constructing their park, except to make plans and, after 22 months, order a sewage treatment facility. It was within the province of respondent to determine, on the facts presented, that petitioners failed to establish that their delay was caused by an "act of God". Respondent's determination rests upon substantial evidence and hence it must be confirmed. *Matter of Golisano* v. *Town Board of Town of Macedon* (31 A D 2d 85), relied on by petitioners, is distinguishable upon its facts. (Review of determination denying extension of special use permit, transferred by order of Onondaga Special Term.) Present — Golman, P. J., Witmer, Moule, Simons and Henry, JJ.