■ In the Matter of DIANA DE BLOIS et al., Petitioners, v GEORGE WALLACE et al., Constituting the Zoning Board of Appeals of the Town of Moreau, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Saratoga County) to review a determination of respondent Zoning Board of Appeals of the Town of Moreau which granted respondent Petrolane, Inc., a special use permit. On March 31, 1981, after a public hearing was held, the Town of Moreau Zoning Board of Appeals (board) granted the application of Petrolane, Inc., for a special use permit allowing it to operate a fueling station in a commercially zoned area. At the request of petitioners, all of whom are property owners near the site of the proposed fueling station, the board granted a rehearing of Petrolane's application and a further hearing was conducted on June 9, 1981. At the conclusion of that hearing, at which testimony from all interested parties was taken, the matter was declared closed and a meeting of the board was scheduled for June 18 at which time a decision on Petrolane's application was to be made. When the board convened on June 18, however, a question arose concerning the adequacy of the water supply at the site of the proposed fueling station. A special meeting of the board was scheduled for June 22, in order to hear from the town's fire chief regarding the fire department's capabilities in handling potential fires at the proposed site. The June 22 meeting was categorized as being "informational" and was open to the public. On June 23, 1981, at a regular meeting of the board, the chairman read into evidence a letter from Petrolane's attorney indicating the applicant's willingness to install two underground water storage tanks to provide additional fire fighting protection. The board then granted Petrolane a special use permit with the additional condition that the water storage tanks be installed. Petitioners commenced this transferred

CPLR article 78 proceeding to challenge the board's determination.[*] While we deem it unwise for the board to have taken testimony from the town's fire chief on June 22, 1981 without affording petitioners an opportunity to appraise or rebut it, we cannot agree with petitioners' contention in this proceeding that such conduct should serve as a basis for annulling the determination granting the special use permit (*Matter of Socony Vacuum Oil Co. v Murdock,* 165 Misc 713; 2 Anderson, New York Zoning Law and Practice [2d ed], § 20.16, pp 144-145; see *Matter of Russo v Stevens,* 7 AD2d 575, 578). Moreover, in view of the further limitation imposed upon Petrolane's application following receipt of the disputed evidence, we do not see how petitioners were prejudiced by the board's actions. We also find untenable petitioners' argument that the board acted improperly in utilizing the procedures for a special use permit rather than a use variance. The record reveals that Petrolane's proposed facility would sell propane gas at retail prices to consumers for heating, cooking, hot water and engine fuel. "Fueling stations" are uses permitted upon issuance of a special permit in a commercially zoned district, the type of district involved in this matter. "Fuel supply depots" are permitted as a principal use in an industrially zoned district and are permitted in a commercial district only upon issuance of a variance. Since neither the phrase "fueling station" nor "fuel supply depot" is defined in the town's zoning ordinance, the board was authorized by a section of the ordinance to interpret any of the provisions therein. We cannot say that the board's factual finding that the proposed facility was a "fueling station" and its utilization of the procedures applicable to special use permits were improper under these circumstances (see *Matter of Loder v Goodday,* 25 AD2d 671, affd 19 NY2d 727). The remaining contentions raised by petitioners have been examined and found to be without merit. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Main, Casey and Yesawich, Jr., JJ., concur.

---

[*] Special Term should have disposed of this matter on the merits instead of transferring it to this court (Town Law, § 267, subd 7; *Matter of Petrocci v Zoning Bd. of Appeals of Town of Camillus,* 42 AD2d 676). Nevertheless, since the case has already been argued before this court, we will decide it in the interest of expediency.