■ In the Matter of ROBERT STEIN, Appellant, v BOARD OF APPEALS OF THE TOWN OF ISLIP, Respondent. — In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Appeals of the Town of Islip which denied petitioner's application to establish the legal nonconforming status of a building and to alter the building, petitioner appeals from (1) a judgment of the Supreme Court, Suffolk County (Becker, J.), dated February 26, 1982, which, *inter alia,* denied the petition and directed that the building in question be returned to its size, shape and use prior to 1977, and (2) a resettled judgment of the same court, dated November 17, 1982, which, *inter alia,* omitted the decretal paragraph of the prior judgment which ordered that the building be returned to its former size, shape and use. ¶ Appeal from the judgment dated February 26, 1982, dismissed. Said judgment was superseded by the resettled judgment dated November 17, 1982. ¶ Resettled judgment dated November 17, 1982 reversed, on the law, with costs, judgment dated February 26, 1982 vacated, and petition granted to the extent that the determination is annulled, and the matter is remitted to the respondent for a new hearing in accordance herewith; in all other respects petition denied on the merits. ¶ Subsequent to holding a public hearing on petitioner's application, the respondent Board of Appeals of the Town of Islip received a notarized letter from one of petitioner's neighbors. The author of the letter stated that he had been unable to attend the hearing. He also set forth allegations which petitioner notes were very damaging to his application. In its determination, dated July 28, 1981, the board stated that it had received the letter. In its verified answer in this proceeding, the board admitted that it had relied on the letter and, in reaching its determination, had adopted the allegations contained therein as correct. ¶ The letter should not have been considered by the board. A zoning board of appeals is not constrained by the rules of evidence and may conduct informal hearings (*Matter of Von Kohorn v Morrell,* 9 NY2d 27, 32; *People ex rel. Fordham Manor Ref. Church v Walsh,* 244 NY 280, 287; *Matter of Kenyon v Quinones,* 43 AD2d 125, 128-129). In addition, it may act of its own knowledge, so long as its return sets forth the facts known to its members but not otherwise disclosed (*People ex rel. Fordham Manor Ref. Church v Walsh, supra; Matter of Holy Spirit Assn. v Rosenfeld,* 91 AD2d 190, 201). The findings of the board must disclose all evidence upon which it relied in reaching a decision (*Matter of Collins v Behan,* 285 NY 187; *Matter of Highland Brooks Apts. v White,* 40 AD2d 178, 181). ¶ In the instant matter, there is no question that the board disclosed the existence of the letter in its determination. The issue is whether it could have considered the letter without

affording petitioner the opportunity to rebut its allegations. We hold that it could not do so. Petitioner's due process rights were violated by the board's ex parte receipt and consideration of the subject letter in that it arrived at its decision with the aid of new evidence which it had no right to consider under the circumstances presented (*Matter of Wunder v Macomber,* 34 Misc 2d 281, 289-290; *Matter of Fulton v Board of Appeals,* 152 NYS2d 974; *Humble Oil & Refining Co. v Board of Alderman,* 286 NC 170; *Pizzola v Planning & Zoning Comm.,* 167 Conn 202). Although it was held in *Matter of Wunder v Macomber* (*supra,* p 290), that the board's decision was sustainable without reference to improperly received papers, the same cannot be stated with respect to the matter at bar. Thus, the board must hold a new hearing at which petitioner will have the opportunity to refute the allegations in the letter. ¶ We do not agree with the dissent's conclusion that the notarized letter could be relied upon by the board in its determination (see *Matter of De Blois v Wallace,* 88 AD2d 1073). In that case, although the Appellate Division, Third Department, held that a zoning board of appeals could take testimony after a hearing was concluded and the matter declared closed, the court also stated that the board had been unwise in taking such testimony without affording the petitioners therein an opportunity to appraise or rebut it. Furthermore, the subject testimony was that of the town fire chief with respect to an application for a special use permit allowing one of the respondents to operate a fueling station in a commercially zoned area. A question had arisen when the board convened to make its decision, after the hearing was closed, as to the adequacy of the water supply at the site of the proposed fueling station. The fire chief testified, at a meeting which was categorized as "informational" and was open to the public, with respect to the fire department's ability to handle potential fires at the site. Thus, in contrast to the instant matter, the new evidence was from a municipal official without a vested interest in the decision. In addition, as the hearing at which that testimony was given was both scheduled and open to the public, the petitioners therein would at least have had the opportunity to comment on the testimony at the time of the hearing. That is not the situation presented herein, and a new hearing is therefore required. Thompson, Weinstein and Brown, JJ., concur.

Gibbons, J. P., concurs in part and dissents in part, and votes to dismiss the appeal from the judgment dated February 26, 1982 and to affirm the resettled judgment dated November 17, 1982, in accordance with the following memorandum: As the majority concedes, a zoning board of appeals is not constrained by the rules of evidence and may conduct informal hearings (*Matter of Von Kohorn v Morrell,* 9 NY2d 27, 32; *Matter of Kenyon v Quinones,* 43 AD2d 125, 128-129). Furthermore, it is not limited to a consideration of the testimony and exhibits presented to it, but may conduct its own investigation (*Matter of Holy Spirit Assn. v Rosenfeld,* 91 AD2d 190, 201; *Pearson v Shoemaker,* 233 NYS2d 674, 675). However, when a board acts of its own knowledge, it must set forth in its return the facts known to its members but not otherwise disclosed (*People ex rel. Fordham Manor Ref. Church v Walsh,* 244 NY 280, 287; *Matter of Community Synagogue v Bates,* 1 NY2d 445, 454; *Matter of Weidenhamer v Bundschuh,* 37 AD2d 720). Such a recitation in the return is not only necessary so that there may be adequate judicial review, but it also enables an interested party to ask for a reopening of the hearing for the purpose of refuting matters not presented at the hearing (*Matter of Kronovet v Baldwin,* 51 Misc 2d 27, 29 [Meyer, J.]). ¶ In the instant matter, there is no question that respondent disclosed the existence of the letter in its determination. There is also no question that petitioner did not request a new hearing. Nonetheless, petitioner maintains that his due process rights were violated by the board's consideration of the letter, since it was not presented at the hearing where he

could rebut it. I disagree. In my view there is no significant distinction to be made between a zoning board of appeals acting upon its own knowledge or investigation, where such is properly disclosed in its return, and, as here, a board's acting upon an ex parte receipt of information with a similar disclosure in the return. It makes little sense in either logic or law to say that the former practice is allowable but that the latter transgresses a petitioner's due process rights. I, therefore, disagree with the cases relied on by the majority to the effect that the consideration of evidence received after the close of a hearing by a zoning board of appeals is a per se violation of the due process rights of the opponent of such evidence (see, e.g., *Matter of Wunder v Macomber,* 34 Misc 2d 281, 289-290; *Fulton v Board of Appeals,* 152 NYS2d 974). Thus, in my view, the notarized letter at bar could properly be relied on by the board in reaching its decision (see *Matter of De Blois v Wallace,* 88 AD2d 1073). ¶ Here, the board properly apprised petitioner, through its return, of its consideration of the letter. Although he did not do so, petitioner could have requested a rehearing (Town Law, § 267, subd 6; *Matter of Hoerner v Tormey,* 24 AD2d 597). He does not claim that he was ignorant of that right, but only that there is no reason to believe that his request for a rehearing would have been granted. Under these circumstances, petitioner effectively waived his proper remedy and should not now be heard to complain that he was denied due process (see *Matter of Miller v Coughlin,* 59 NY2d 490, 494). I do not, of course, express any opinion as to what the outcome might have been had petitioner been unaware of the possibility of requesting a rehearing or had his request for a rehearing been denied. I only maintain that a claimant's due process rights are not offended by the reliance of a zoning board of appeals upon material received after a hearing, where that reliance is noted in the board's return and where the claimant thereafter knowingly refrains from requesting a rehearing. ¶ Finally, I am not persuaded by the majority's attempt to distinguish *Matter of De Blois v Wallace (supra)* on the ground that the testimony in question there was that of a municipal official with no vested interest in the decision, and that his testimony was received at a public hearing at which the petitioners "would at least have had [a theoretical] opportunity to comment". The question of "interest" relates solely to credibility and is properly resolved by the board of appeals. Moreover, while the hearing in *De Blois* may technically have been open to the public, the Appellate Division, Third Department, in that case specifically criticized the wisdom but not the legality of the board's decision to accept such testimony on the ground that the procedure employed authorized the reception of such evidence "without affording petitioners an *opportunity* to *appraise or rebut it*" (*Matter of De Blois v Wallace, supra,* p 1074; emphasis supplied).