■ In the Matter of SALVATORE AVERSANO, Petitioner, v TWO FAMILY USE BOARD OF THE TOWN OF BABYLON, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of respondent Two Family Use Board of the Town of Babylon (hereinafter board) dated January 31, 1983, which, after a hearing, denied petitioner's application for a temporary special permit pursuant to Local Laws, 1979, No. 9 of Town of Babylon to maintain a two-family dwelling in a single-family dwelling district.

Determination confirmed and proceeding dismissed on the merits, with costs.

We note that Special Term should have disposed of this case on the merits rather than transferring it here *(see,* Town Law § 267 [7]). However, in the interest of judicial economy, this court will decide the case on the merits *(see, Matter of De Blois v Wallace,* 88 AD2d 1073; *Matter of Petrocci v Zoning Bd. of Appeals,* 42 AD2d 676).

In or about September 1980 petitioner purchased and took possession of a one-family house in a single-family dwelling residential district in Copiague, Town of Babylon. Shortly thereafter, he converted the house to a two-family residence and rented the second unit.

In June 1981 petitioner applied to the board for a special permit under Local Laws 1979, No. 9. The board denied the application by a determination dated February 1, 1982. In a proceeding under CPLR article 78 commenced thereafter by petitioner in the Supreme Court, Suffolk County, for a review of that determination, Special Term (Baisley, J.) ordered the matter remitted to the board for a new hearing and determination because it failed to make findings of fact in support of its determination.

After a new hearing held on January 5, 1983, the board, by a determination dated January 31, 1983, again denied petitioner's application, giving several reasons, including: (1) that based upon the record, "the testimony indicates that the use contemplated is not in harmony with, nor does it permit the general purposes and intent of the Local Law as set forth in Section 1 captioned Legislative Intent", and (2) "that such use, being permissive by this board, if granted, would affect the orderly and reasonable use of the legally permitted uses in the surrounding area".

Petitioner then commenced the instant proceeding seeking to set aside that determination on the grounds, *inter alia,* that the determination was arbitrary and capricious and not supported by the evidence in the record.

Local Laws, No. 9, § 1, entitled "Legislative Intent", provides, in pertinent part, that "[i]t is the purpose of this Local Law to encourage the residents of our community who require two family homes, to legally remain in the Town of Babylon". This section also states that "[i]t is to be noted that economic reasons are causing many one-family homeowners to convert their homes to illegal two-family dwellings".

In this proceeding the board, in substance, maintains that petitioner is a "speculative purchaser" whose application is precluded by the legislative intent of the local law, which was enacted to enable homeowners strained by unforeseeable changed economic conditions to keep what they had by converting their homes to two-family dwellings. In support of this contention, the board relies upon Resolution No. 2 of January 19, 1982, adopting Local Laws, 1982, No. 1 of Town of Babylon which amended Local Laws, No. 9, § 6, adding the requirement that seven years must elapse from the issuance of a certificate of occupancy before the board may approve an application for a special permit for any dwelling which does not have a certificate of occupancy issued on or before January 1, 1980. Significantly, the initial February 1, 1982 determination by the board was rendered after the effective date of the amendment to the local law.

During oral argument before this court, the parties conceded that the certificate of occupancy for petitioner's dwelling was issued in the summer or early fall of 1980.

Under established case law, it is clear that the January 19, 1982 amendment to Local Laws, No. 9 is applicable to this case and this proceeding must be decided upon the law as it now exists *(see, Matter of Boardwalk & Seashore Corp. v*

*Murdock,* 286 NY 494; *Matter of Rosano v Town Bd.,* 43 AD2d 728, 729). Accordingly, under the provisions of the amendment, the board is precluded from approving petitioner's application for the special permit for a period of seven years from the date of issuance of the certificate of occupancy.

We agree with the board's assertions that the amendment does not create a new policy, but merely clarifies and reenforces the original legislative intent and policy of the town as set forth in Local Laws, No. 9 as originally enacted, namely, to afford existing residents of the town relief from unforeseeable economic hardships by obtaining a temporary two-family use permit to obtain rental income.

We also note that the evidence is insufficient to warrant an application of the "special facts exception" to estop the board from applying the provisions of the amendment of Local Laws, No. 9, as amended, to this case, as the record does not demonstrate that the board's delay in rendering a determination on petitioner's application was the product of malice, oppression, manipulation or corruption *(cf. Matter of Pokoik v Silsdorf,* 40 NY2d 769, 772-773). Mangano, J. P., Bracken, Niehoff and Eiber, JJ., concur.