■ In the Matter of EVELYN BAUER, Petitioner, v ZONING BOARD OF APPEALS OF THE TOWN OF YORKTOWN, Respondent.— Proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of Yorktown (hereinafter the board), filed May 1, 1985, which, after a hearing, found that Town of Yorktown Code § 90-10 (H) was inapplicable to the petitioner's property and denied her application for an area variance to erect a residence upon a substandard parcel of real property.

Determination confirmed and proceeding dismissed on the merits, with costs.

Initially, we note that Special Term should have disposed of this proceeding on the merits instead of transferring it here *(see,* Town Law § 267 [7]). However, this court will decide the case on the merits in the interest of judicial economy *(see, Matter of Aversano v Two Family Use Bd.,* 117 AD2d 665; *Matter of De Blois v Wallace,* 88 AD2d 1073; *Matter of Petrocci v Zoning Bd. of Appeals,* 42 AD2d 676).

We reject the petitioner's contention that the board erred in refusing to apply § 90-10 (H) to the subject property. Insofar as it is relevant, that provision permits the erection of a building upon a substandard lot or parcel "for which a valid conveyance has been recorded or contract of sale has been signed and the conveyance recorded prior to August 19, 1958". This provision may only be invoked by the person who owns the property at the time it is rendered substandard *(Matter of Sofo v Egan,* 57 AD2d 841), and the instant petitioner failed to submit proof that she took title to the subject parcel prior to the cut-off date of August 19, 1958. Hence the board properly concluded that this failure of proof precluded an application of the provision to her property.

As to the denial of the petitioner's area variance application, it is firmly established that such a denial may only be disturbed upon a showing of illegality, arbitrariness, or an abuse of discretion *(see, Matter of Fuhst v Foley,* 45 NY2d 441; *Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309; *Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, *affd* 67 NY2d 702; *Matter of Marasco v Luney,* 99 AD2d 492, *lv denied* 63 NY2d 605). In this case, the petitioner has failed to show that a strict application of the area requirements of the town code would result in practical difficulties or significant economic injury *(see, e.g., Matter of Juniper Homes v Nolte,* 104 AD2d 942). Moreover, the board's finding that granting the application would pose a substantial risk of sewage disposal problems is fully supported by the record. Hence, we discern no basis for disturbing the board's determination. Gibbons, J. P., Weinstein, Lawrence and Eiber, JJ., concur.