■ GERARD ROWELL, Respondent, v GOULD, INC., Appellant, et al., Defendants.

Memorandum: On August 13, 1981, an automobile battery exploded, injuring plaintiff. Thereafter, on August 15, 1984, plaintiff served upon defendant Gould, Inc., a summons without a complaint. The notice indorsed on the summons read: "Notice: The nature of this action is negligence." Defendant, contending that the summons served without a complaint was jurisdictionally defective, moved to dismiss the action. The court denied the motion and defendant appeals. We affirm.

Before the 1979 amendment, CPLR 305 (b) provided that if the complaint is not served with the summons, the summons may contain a notice "stating the object of the action and the relief sought". The 1979 amendment (L 1978, ch 528, § 1) provided that if the complaint is not served with the summons, the summons shall contain a notice stating "the nature of the action and the relief sought". By changing the word "may" to "shall", the Legislature expressed its intention that the lack of an adequate notice should render the summons jurisdictionally defective. By changing the requirement that the notice state "the nature of the action and the relief sought", rather than "the object of the action and the relief sought", the Legislature intended no change in the form of the required notice. As explained by the Judicial Conference in its Report to the Legislature recommending the change (NY Judicial Conference, Twenty-third Annual Report, at 276 [1978]), "The present verbiage could be misread as a redundancy denoting merely a requirement to specify the type of relief sought in terms of damages or other remedy. Such

misreading led to the downfall of the plaintiff's action in a negligence case where the court voided a summons served without complaint on the ground that it failed to disclose the object of the action, even though it set forth the damages demanded *(Arden* v. *Loew's Hotels, Inc.,* 40 AD2d 894)". Thus, the change of the word "object" to "nature" was not meant to change the preexisting law, but only to let the Bar know that the former requirement that the notice state the "object" of the action was not satisfied by a statement of the relief demanded, such as for a sum of money. The Official Forms for the CPLR provide the following example of a summons with notice: "Take notice that the object of this action and the relief sought is to recover damages for breach of contract" (Appendix of Official CPLR Forms, Official Form 3). This form was adopted by the New York Judicial Conference pursuant to CPLR 107, which provides, "Forms adopted pursuant to this section shall be sufficient under the civil practice law and rules and shall illustrate the simplicity and brevity of statement which the civil practice law and rules contemplate." Since "breach of contract" has been deemed a sufficient statement of the object of an action, the word "negligence" is likewise a sufficient statement. Although Official Form 3 was adopted before the 1979 amendment, it is still effective regardless of the change of the language from "object of the action" to "nature of the action". Since the new language was designed to clarify and not to change the prior law, there was no need for the Judicial Conference to change the Official Form after the enactment of the amendment.

After the amendment, courts have found sufficient, notices stating that the action was for "libel" *(Esposito v Billings,* 103 AD2d 956), for "legal services" *(Skidmore v Carr,* 89 AD2d 600), and for "motor vehicle negligence" *Wagenknecht v Lo Russo,* 121 Misc 2d 45).

Here, because the notation, "The nature of this action is negligence", sufficiently states the nature of the action as required by CPLR 305 (b), the court correctly refused to grant defendant's motion to dismiss. (Appeal from order of Supreme Court, Monroe County, Pine, J.—dismiss action.) Present— Dillon, P. J., Callahan, Boomer, Balio and Lawton, JJ.

further proceedings, in accordance with the following memorandum: Supreme Court erred by transferring this zoning petition pursuant to CPLR 7804 (g). Since the petition seeks review of a determination of a Town Board, the court was statutorily obliged to dispose of the matter on the merits and determine all the issues raised by the pleadings (Town Law § 267 [7]; *Matter of Petrocci v Zoning Bd. of Appeals,* 42 AD2d 676). In the interests of judicial economy, we determine the merits *(Matter of Petrocci v Zoning Bd. of Appeals, supra).*