■ In the Matter of GUSTAVE WADE, Appellant, v FRANK A. KUJAWSKI, JR., et al., Constituting the Board of Trustees of the Town of Southold, Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Town of Southold, dated December 15, 1988, which denied the petitioner's application to build a bridge, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Vaughn, J.), dated July 19, 1989, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner is the owner of a parcel of land located in Cutchogue in the Town of Southold. Prior to 1966 this land was an island separated from the mainland by a body of water known as Eugene's Creek. As a result of a dredging operation conducted by Suffolk County in 1966, a land mass was created so that the island became connected to the mainland.

In or about March 1983, the petitioner, as the then contract vendee of the former island, made an application to the Board of Trustees of the Town of Southold for an easement and/or quitclaim deed over the landfill to connect the former island to the main public highway. The Board denied this application after a public hearing and this determination was upheld by the Supreme Court.

Thereafter, the petitioner made the instant application for

permission to install a prefabricated steel bridge to span the length of the landfill. The Board denied this application on the basis of its prior determination.

We disagree with the petitioner's contention that he is entitled to access to his former island by means of some type of easement or bridge over the Board's property. The cases cited by the petitioner are inapposite to the instant case since they each deal with a riparian owner's right of access to the water *(see, Tiffany v Town of Oyster Bay,* 234 NY 15; *Hedges v West Shore R. R. Co.,* 150 NY 150) and not the right of a landowner of access across public lands to the public highway, as is the issue at bar.

Contrary to the petitioner's contention, the Board is not obligated to provide him with any type of easement, especially in view of the fact that he has other means of egress and ingress with regard to his property *(cf., Quaglia v Incorporated Vil. of Munsey Park,* 44 NY2d 772).

We also disagree with the petitioner that the Board's determination was arbitrary and capricious *(see, Matter of Minerva v Ward,* 63 NY2d 739). There is substantial evidence in the record to support the Board's determination to deny his present application based on its determination regarding his first application. There is nothing in the record to suggest that these two applications are substantially different in nature or that the determination of each involves consideration of different factors such that the Board improperly denied the petitioner a hearing before denying the second application.

We also note that inasmuch as the Board determined to deny the petitioner's application to build a bridge, no action having a significant effect on the environment was undertaken. Accordingly, it was unnecessary for the Board, as lead agency, to comply with State Environmental Quality Review Act (SEQRA) requirements *(see generally, Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400; *Matter of Programming & Sys. v New York State Urban Dev. Corp.,* 61 NY2d 738).

We have reviewed the petitioner's remaining contentions and find them to be without merit. Thompson, J. P., Lawrence, Eiber and Ritter, JJ., concur.