■ In the Matter of W.W.W. ASSOCIATES, INC., Petitioner, v ANTONIA RETTALIATA et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Town Board of the Town of Huntington, dated June 6, 1989, which, after a hearing, granted an application by the Huntington Historic Preservation Commission to designate the petitioner's premises an historic landmark pursuant to Huntington Town Code § 198-40.3.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The record of this proceeding clearly demonstrates that the respondent Town Board of the Town of Huntington properly followed the procedures set forth in Huntington Town Code § 198-40.3 in reaching its determination to designate the petitioner's property, which is known as the Carman-Gustivan-Regan House and is located in Dix Hills in the Town of

Huntington, an historic landmark. We also find that the Town Board's determination was based upon substantial evidence *(see,* CPLR 7803 [4]).

The petitioner's contention that the determination of the Town Board constituted an unconstitutional taking of its property is without merit. The petitioner failed to establish either that it is precluded from using the property in a manner to which it is reasonably adapted, or that the property's economic value, or all but a bare residue thereof, has been destroyed by its designation as an historic landmark *(see, de St. Aubin v Flacke,* 68 NY2d 66, 76-77).

The petitioner's claim that the Town Board improperly considered a post-hearing memorandum of the Huntington Historic Preservation Commission in reaching its determination is without merit. The Town Board had announced at the hearing that the record would remain open for the introduction of further relevant information. In addition, the petitioner's attorneys also submitted their own post-hearing memorandum attacking the Commission's assertions. Under the circumstances, the Town Board properly considered the Commission's post-hearing submissions *(cf., Matter of Stein v Board of Appeals,* 100 AD2d 590). Thompson, J. P., Kunzeman, Sullivan and Harwood, JJ., concur.