■ In the Matter of CAPPELLI ASSOCIATES V, Respondent, v ROBERT F. MEEHAN et al., Appellants. [667 NYS2d 914] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the appellants dated August 8, 1995, which, among other things, denied the respondent's rezoning application and terminated the State Environmental Quality Review Act process for the rezoning application, the appeal is from a

judgment of the Supreme Court, Westchester County (Rosato, J.), entered March 7, 1996, which, *inter alia*, granted the petition, annulled the determination, and directed the appellants, among other things, to prepare written findings in compliance with 6 NYCRR former 617.9 (c) and (d), and render a determination on the respondent's rezoning application.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

It is well established that a town must comply with the requirements of the State Environmental Quality Review Act (hereinafter SEQRA) before it grants an application for rezoning (*see, Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 415-416; *see also, Matter of Tri-County Taxpayers Assn. v Town Bd.,* 55 NY2d 41; *Matter of Brew v Hess,* 124 AD2d 962; *Matter of Badura v Guelli,* 94 AD2d 972). Here, however, the Town Board of the Town of Mount Pleasant (hereinafter the Town), in its legislative capacity, determined, *inter alia,* that the proposed rezoning would be incompatible with the community's residential development objectives. Therefore the Town, as lead agency, did not need to complete the SEQRA review proceedings. Mangano, P. J., Rosenblatt, Pizzuto and Luciano, JJ., concur.