■ BONNIE BRIAR SYNDICATE, INC., Respondent, v TOWN OF MAMARONECK et al., Appellants. [681 NYS2d 329] —In an action, *inter alia*, for a judgment declaring Local Laws, 1994, No. 6 of the Town of Mamaroneck to be unconstitutional in its entirety and as applied to the plaintiff's property, the defendants appeal from an order of the Supreme Court, Westchester County (Leavitt, J.), entered January 6, 1998, which denied their motion for summary judgment dismissing the fifth, sixth, seventh, and eighth causes of action.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that Local Laws, 1994, No. 6 of the Town of Mamaroneck is constitutional as applied to the plaintiff's property.

To establish a successful claim that a land regulation has effected a taking of his or her property, a property owner must show by "dollars and cents" evidence that under no use permitted by the challenged regulation would his property be capable of producing a reasonable return (*de St. Aubin v Flacke,* 68 NY2d 66, 77). "[T]he economic value, or all but a bare residue of the economic value, of the parcels must have been destroyed by the regulations at issue" (*de St. Aubin v Flacke, supra,* at 77; *see also, Spears v Berle,* 48 NY2d 254, 263; *Matter of Grimpel Assocs. v Cohalan,* 41 NY2d 431, 432; *Clearwater Holding v Town of Hempstead,* 237 AD2d 400; *Matter of Licari v Scheyer,* 193 AD2d 604; *Matter of W.W.W. Assocs. v Rettaliata,* 175 AD2d 133; *Matter of Kransteuber v Scheyer,* 176 AD2d 724, *affd* 80 NY2d 783).

Here, the valuation report proffered by the plaintiff demonstrated that notwithstanding the enactment of the challenged ordinance, the subject property was capable of earning a reasonable return and was not deprived of "all but a bare residue" of value. Accordingly, the Supreme Court erred in denying the defendants' motion.

The plaintiff's remaining contentions are without merit. Copertino, J. P., Sullivan, Krausman and Florio, JJ., concur.