■ In the Matter of RETAIL PROPERTY TRUST, Appellant, v BOARD OF ZONING APPEALS OF TOWN OF HEMPSTEAD, Respondent. INCORPORATED VILLAGE OF GARDEN CITY et al., Intervenors-Respondents. [753 NYS2d 527] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Hempstead dated March 24, 1999, denying the petitioner's application for a

special exception permit, the appeal is from a judgment of the Supreme Court, Nassau County (Joseph, J.), dated November 30, 1999, which denied the petition and dismissed the proceeding. By decision and order dated March 19, 2001, this Court reversed the judgment (*see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead,* 281 AD2d 549). By decision and order dated July 1, 2002, the Court of Appeals reversed the decision and order of this Court and remitted the matter to this Court for consideration of the issues raised but not determined on the appeal to this Court (*see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead,* 98 NY2d 190).

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The petitioner, Retail Property Trust (hereinafter RPT), the fee owner of the Roosevelt Field Mall (hereinafter the Mall), applied for a special permit to construct a three-story building to be utilized as a Saks Fifth Avenue Department Store in the Mall. Following a hearing, the Board of Zoning Appeals of the Town of Hempstead (hereinafter the Board) denied RPT's application for a special permit. RPT commenced the instant proceeding seeking to annul the Board's determination as arbitrary and capricious and not based upon substantial evidence. The Supreme Court denied the petition and dismissed the proceeding.

RPT appealed and this Court reversed (*see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead,* 281 AD2d 549). The Court of Appeals granted leave to appeal (*see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead,* 97 NY2d 607) and reversed. The Court of Appeals held that the Board acted rationally and that substantial evidence supported its determination to deny RPT's application for a special exception permit, and remitted the matter to this Court for consideration of issues raised but not determined on the earlier appeal (*see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead,* 98 NY2d 190).

On remittitur, RPT contends that the Board failed to comply with General Municipal Law § 239-m which requires the Board to refer proposed planning and zoning actions to the Nassau County Planning Commission for review and recommendations. We disagree. Since the Board determined to deny the petitioner's application for a special permit, no action having a significant effect on the environment was undertaken. Accordingly, it

was unnecessary for the Board, as lead agency, to comply with the requirements of the State Environmental Quality Review Act (*cf. Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400; *Matter of Cappelli Assoc. V v Meehan,* 247 AD2d 381; *Wade v Kujawski,* 167 AD2d 409).

In accordance with the order of the Court of Appeals, RPT's application was properly denied and its petition dismissed. Altman, J.P., McGinity, Luciano and H. Miller, JJ., concur.