◼ In the Matter of JOSEPH LOGIUDICE, Appellant, v SOUTHOLD TOWN BOARD OF TRUSTEES et al., Respondents. [855 NYS2d 620]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Southold Town Board of Trustees dated September 21, 2005, which, after a hearing, denied the petitioner's application for a special use permit to construct a dock, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Molia, J.), entered November 27, 2006, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner, the owner of a parcel of real property on the Peconic Bay in Southold, submitted an application to the Southold Town Board of Trustees (hereinafter the Board) for a special use permit to construct a dock from his property into the bay. After a public hearing was held with respect to the application, but before the Board rendered its decision, the Town of Southold Local Waterfront Revitalization Program (hereinafter the LWRP) was enacted. The petitioner was informed that his proposed project was now subject to the provisions of the LWRP and that his application would be reviewed in accordance therewith. Subsequently, the Board denied the petitioner's application, relying, in part, on the report of the LWRP Coordinator, who had recommended to the Board that it deny the application based upon the proposed project's various inconsistencies with the policy standards of the LWRP.

Contrary to the petitioner's claim, he was not entitled to have

his application reviewed by the Board without reference to the LWRP, as there is no evidence in the record to support the petitioner's allegation that the Board acted in bad faith and deliberately delayed rendering a decision on his application until after the LWRP was enacted (*see Matter of Alscot Inv. Corp. v Incorporated Vil. of Rockville Ctr.,* 64 NY2d 921, 922 [1985]; *Matter of Semerjian v Vahradian,* 186 AD2d 202 [1992]; *Matter of Lawrence School Corp. v Morris,* 167 AD2d 467, 468 [1990]).

Further, there is no merit to the petitioner's claim that the Board, in rendering its decision, improperly relied on the report of the LWRP Coordinator without affording him an opportunity to respond to the report or rebut it, as the report, which did not contain any new factual allegations, was prepared by "a municipal officer without a vested interest in the decision" (*Matter of Stein v Board of Appeals of Town of Islip,* 100 AD2d 590, 591 [1984]). In any event, the Board's determination was properly upheld even without reference to the report (*see Matter of Linzenberg v Summer,* 277 AD2d 316 [2000]), since it set forth at least six different reasons for the denial of the petitioner's application independent of the LWRP, any of which, standing alone, would have provided the Board with a valid reason for denying the application (*see Matter of Halperin v City of New Rochelle,* 24 AD3d 768, 772 [2005]).

Finally, because the Board determined to deny the petitioner's application, "no action having a significant effect on the environment was undertaken . . . [and, as such], it was unnecessary for the Board, as lead agency, to comply with the requirements of the State Environmental Quality Review Act" (*Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead,* 301 AD2d 530, 531-532 [2003]; *see Matter of Cappelli Assoc. V v Meehan,* 247 AD2d 381, 382 [1998]; *Matter of Wade v Kujawski,* 167 AD2d 409, 410 [1990]).

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Mastro, J.P., Covello, Dickerson and Eng, JJ., concur.