■ In the Matter of Rachel Applebaum et al., Appellants, v Village of Great Neck Board of Appeals et al., Respondents. [28 NYS3d 459]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Village of Great Neck Board of Appeals dated March 7, 2013, which, after a hearing, granted the application of the respondent Old Mill II, LLC, for variances and site plan approval, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Diamond, J.), entered December 4, 2013, which denied the petition and dismissed the proceeding.

Ordered that the appeal by the petitioner Rebecca Rosenblatt Gilliar is dismissed as abandoned; and it is further,

Ordered that the judgment is affirmed on the appeal by Rachel Applebaum; and it is further,

Ordered that one bill of costs is awarded to the respondents.

"Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion" (*Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven*, 77 AD3d 949, 949 [2010]; *see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 771 [2005]). "Thus, the determination of a zoning board should be sustained upon judicial review if it is not illegal, has a rational basis, and is not arbitrary and capricious" (*Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven*, 77 AD3d at 949; *see Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]).

Contrary to the contentions of the petitioner Rachel Applebaum (hereinafter the petitioner), the determination of the respondent Village of Great Neck Board of Appeals to grant the application of the respondent Old Mill II, LLC, had a rational basis and was not arbitrary and capricious (*see* CPLR 7803 [3]; *Matter of Goodman v City of Long Beach*, 128 AD3d 1064, 1065 [2015]; *Matter of Fairway Manor, Inc. v Bertinelli*, 81 AD3d 821, 823 [2011]). There is no merit to the petitioner's claim that the Board, in rendering its determination, improperly relied on letters it obtained from the Chief of the Great Neck Alert Fire Company and the Village of Great Neck Building Department without affording her an opportunity to respond, as the letters, which did not contain any new factual allegations, were prepared by municipal officials without a vested interest in the decision (*see Matter of Logiudice v Southold Town Bd. of Trustees*, 50 AD3d 800, 801 [2008]; *Matter of Stein v Board of Appeals of Town of Islip*, 100 AD2d 590, 591 [1984]).

The petitioner's remaining contention is without merit. Hall, J.P., Roman, LaSalle and Barros, JJ., concur.