Matter of Harvey v Zoning Bd. of Appeals of The City of Kingston (2018 NY Slip Op 07395)





Matter of Harvey v Zoning Bd. of Appeals of The City of Kingston


2018 NY Slip Op 07395


Decided on November 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 1, 2018

526321

[*1]In the Matter of HILLARY HARVEY et al., Appellants,
v
ZONING BOARD OF APPEALS OF THE CITY OF KINGSTON et al., Respondents.

Calendar Date: September 4, 2018

Before: McCarthy, J.P., Devine, Aarons, Rumsey and

 Pritzker, JJ.

Warren S. Replansky, PC, Rhinebeck (Warren S. Replansky of counsel), for appellants.
Kevin R. Bryant, Corporation Counsel, Kingston (Daniel Gartenstein of counsel), for Zoning Board of Appeals of the City of Kingston and another, respondents.
Ronald S. Pordy, Kingston, for Irish Cultural Center Hudson Valley, Inc., respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a judgment of the Supreme Court (Mott, J.), entered May 23, 2017 in Ulster County, which dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of respondent Zoning Board of Appeals of the City of Kingston finding that the use of a premises belonging to respondent Irish Cultural Center Hudson Valley, Inc. was permitted under the Code of the City of Kingston.
Respondent Irish Cultural Center Hudson Valley, Inc. (hereinafter ICC) owns real property in the City of Kingston, Ulster County that borders Abeel Street as well as a municipal walkway running downhill to a street known as the West Strand. ICC aims to build a three-story cultural center on the property that will have its primary entrance on the walkway and include a theater, exhibition and gallery space, classrooms, a library and a restaurant. Pursuant to the City's zoning ordinance, the cultural center must have "direct frontage . . . on the West Strand" for the bulk of those uses to be permissible (Code of City of Kingston § 405-19 [B] [1]).
Petitioners are residential landowners on Abeel Street and asked respondent Joseph Safford, the Zoning Enforcement Officer for the City of Kingston (hereinafter ZEO), to determine whether the ICC property had the requisite direct frontage on the West Strand (see Code of City of Kingston § 405-19 [B] [1]). The ZEO found that it did and, upon review, respondent Zoning Board of Appeals of the City of Kingston (hereinafter ZBA) agreed. Petitioners commenced this combined CPLR article 78 proceeding and declaratory judgment [*2]action to, among other things, annul the ZBA's determination. Supreme Court dismissed the petition/complaint following joinder of issue, and petitioners now appeal.
We affirm. Petitioners initially argue that the ZBA failed to give them the requisite opportunity to respond to a letter, submitted after the public hearing on petitioners' administrative appeal and cited in the ensuing determination, from a land surveyor retained by the ZBA to review the relevant public records and describe the relation of the ICC property to the municipal walkway and the West Strand. The ZBA disclosed that it was waiting for requested information before rendering its determination, however, and that pronouncement drew no objection from petitioners. The letter itself contains information that closely tracks the findings of the ZEO, and petitioners further fail to set forth what, if anything, is inaccurate in it. Accordingly, while it may have been "unwise" for the ZBA to consider the letter without affording petitioners an opportunity to respond, that misstep "should [not] serve as a basis for annulling the determination" under the facts presented (Matter of De Blois v Wallace, 88 AD2d 1073, 1074 [1982]; see Matter of Applebaum v Village of Great Neck Bd. of Appeals, 138 AD3d 830, 831 [2016]; Matter of W.W.W. Assoc. v Rettaliata, 175 AD2d 133, 134 [1991]).
Petitioners next complain that the ZBA privately met with its counsel following the public hearing to grapple with the legal issues involved, retain the aforementioned surveyor and direct counsel to draft the detailed written determination that it publicly adopted. Assuming without deciding that this conduct violated the Open Meetings Law (see Public Officers Law art 7), it rendered the ZBA's determination "'not void but, rather, voidable' upon good cause shown" (Matter of Oakwood Prop. Mgt., LLC v Town of Brunswick, 103 AD3d 1067, 1070 [2013], lv denied 21 NY3d 853 [2013], quoting Matter of Ireland v Town of Queensbury Zoning Bd. of Appeals, 169 AD2d 73, 76 [1991], lv dismissed 79 NY2d 822 [1991]). Petitioners have not articulated how these encounters — which appear to be an effort by the ZBA to properly respond to information that had been fully aired and discussed in public — "were part of an effort to thwart public scrutiny of [the ZBA's] process in deliberate violation of the Open Meetings Law" (Matter of Haverstraw Owners Professionals & Entrepreneurs ["H.O.P.E."] v Town of Ramapo Zoning Bd. of Appeals, 151 AD3d 724, 725 [2017]). It follows that petitioners have "failed in their burden of demonstrating good cause warranting the exercise of our discretionary power to nullify the" determination (Matter of MCI Telecom. Corp. v Public Serv. Commn. of State of N.Y., 231 AD2d 284, 291 [1997]; see Matter of Catskill Heritage Alliance, Inc. v Crossroads Ventures, LLC, 161 AD3d 1413, 1417 [2018]).
Turning to the merits of the determination, inasmuch as the ZBA confronted factual issues that went beyond a "pure legal interpretation," its interpretation of the "local zoning ordinance is afforded deference and will only be disturbed if irrational or unreasonable" (Matter of Lavender v Zoning Bd. of Appeals of the Town of Bolton, 141 AD3d 970, 972 [2016], appeal dismissed 28 NY3d 1051 [2016], lv denied 29 NY3d 907 [2017]; see Matter of Blanchfield v Town of Hoosick, 149 AD3d 1380, 1382 [2017]). The permitted uses for the ICC property are dictated by whether it has "direct frontage . . . on the West Strand" (Code of the City of Kingston § 405-19 [B] [1]), with frontage defined as "the linear distance of a lot along the street line" (Code of the City of Kingston § 405-3). As the ZBA recognized, "direct frontage" on a street does not imply that the property boundary must be flush with the pavement. A sidewalk is "part of the street or highway" (Pardi v Barone, 257 AD2d 42, 44 [1999]; see Vehicle and Traffic Law § 144), and sidewalks are defined in the Code of the City of Kingston as "[t]he distance from the property line of any premises to the curbline" (Code of the City of Kingston § 355-17; see also Castiglione v Village of Ellenville, 291 AD2d 769, 770 [2002], lv denied 98 NY2d 604 [2002]). The record reflects that the municipal walkway bordering the ICC property merges with the West Strand, and both the ZEO and the surveyor retained by the ZBA stated that this merger between the walkway and the street occurred along the ICC's property boundary. The ZBA accordingly determined that the ICC property had direct frontage along the West Strand and that, as a result, the property could be used for the purposes enumerated in Code of the City of Kingston § 405-19 (B) (1). Notwithstanding the alternative interpretations proffered by petitioners, which find little support in the language of the zoning ordinance itself, the ZBA's determination was reasonable.
Petitioners only asked for an interpretation as to whether the ICC property had "direct frontage" on the West Strand at the administrative level and, as such, cannot argue that the ZBA erred in not addressing whether a pub and restaurant proposed for the cultural center was a permitted use under Code of the City of Kingston § 405-19 (B) (1) (see Matter of Kearney v Village of Cold Spring Zoning Bd. of Appeals, 83 AD3d 711, 713 [2011]). To the extent that petitioners seek a declaratory judgment on whether that use was permitted, they have failed to exhaust their administrative remedies (see Matter of One Niagara LLC v City of Niagara Falls, 78 AD3d 1554, 1555-1556 [2010]). Their remaining contentions have been examined and lack merit.
McCarthy, J.P., Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.