Matter of Maidstone WJM Corp. v Zoning Bd. of Appeals of the Town of E. Hampton (2023 NY Slip Op 05137)

Matter of Maidstone WJM Corp. v Zoning Bd. of Appeals of the Town of E. Hampton

2023 NY Slip Op 05137

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2020-08695
 (Index No. 738/20)

[*1]In the Matter of Maidstone WJM Corp., appellant,
v
Zoning Board of Appeals of the Town of East Hampton, respondent.

Whalen Filer, PLLC (Richard E. Whalen and Esseks, Hefter, Angel, DiTalia & Pasca, LLP, Riverhead, NY [Anthony C. Pasca and Kevin A. McGowin], of counsel), for appellant.
John J. Jilnicki, Town Attorney, East Hampton, NY (NancyLynn Thiele of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of East Hampton dated January 7, 2020, which denied the petitioner's application to modify a determination of the Zoning Board of Appeals of the Town of East Hampton dated December 28, 1971, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated September 15, 2020. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner owns a parcel of property located in the Town of East Hampton that has been used as a motel since the 1950s. In a determination dated December 28, 1971 (hereinafter the 1971 determination), the Zoning Board of Appeals of the Town of East Hampton (hereinafter the ZBA) granted a variance to permit the petitioner's predecessors-in-interest to expand the size of the structures on the property on the conditions that, inter alia, the structures remained seasonal rental units and were not used for year-round occupancy, and no heating equipment would be installed in the structures. The 1971 determination maintained the use of the property as a motel, and did not transform the property into an apartment under the Code of the Town of East Hampton (hereinafter the Town Code).
In 2019, the petitioner filed an application requesting a modification of the 1971 determination to remove the conditions prohibiting year-round occupancy and the installation of heating equipment on the property. The petitioner alleged in the application that since the 1970's the use of the motel had gradually changed from seasonal rentals to year-round housing for working families and individuals in the Town.
After a public hearing, the ZBA held a work session on December 10, 2019, which was open to the public, to consider a memorandum prepared by the Town Attorney addressing the legal issue of whether the ZBA had jurisdiction to grant the petitioner's application. Adopting the [*2]memorandum of the Town Attorney, the ZBA issued a resolution on January 7, 2020, denying the petitioner's application on the ground that, under the Town Code, the property had undergone a conversion from use as a motel to another use, and the ZBA was without jurisdiction to authorize the conversion. Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the ZBA's determination. In a judgment dated September 15, 2020, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
Town Code § 255-8-30(A) provides, among other things, that the ZBA has the jurisdiction to hear "(1) . . . [a]pplications brought by aggrieved persons from interpretations of provisions of this chapter made by the Building Inspector or for review of other orders, requirements, decisions or determinations made by him pursuant to this chapter," and "(5) . . . [a]pplications brought by persons for one or more use variances or area variances." When an application is pursuant to Town Code § 255-8-30(A)(1) to review a decision made by a Building Inspector, "a zoning board of appeals' jurisdiction is appellate only, and in the absence of an administrative determination to review, a zoning board of appeals is without power to grant a variance or render a de novo determination with respect to an issue not determined by an administrative official" (Matter of Capetola v Town of Riverhead, 192 AD3d 789, 792; see Town Law § 267-a[4]). By contrast, where an application is pursuant to Town Code § 255-8-30(A)(5), "local zoning boards have broad discretion in considering applications for area variances, and the judicial function in reviewing such decisions is a limited one. Courts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure" (Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613; see Matter of White Birch Circle Realty Corp. v DeChance, 212 AD3d 729, 730). "A determination of a zoning board should be sustained upon judicial review if it has a rational basis and the record contains sufficient evidence to support the rationality of the determination" (Matter of White Birch Circle Realty Corp. v DeChance, 212 AD3d at 730 [internal quotation marks omitted]; see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d at 613).
Here, the petitioner's characterization of its application as one for relief pursuant to the ZBA's authority under Town Code § 255-8-30(A)(1) is incorrect because the petitioner was not seeking to review a determination by the Town's Building Inspector. Rather, the petitioner's application asked the ZBA to modify a variance, and as such, the petitioner sought relief pursuant to the ZBA's authority under Town Code § 255-8-30(A)(5). Contrary to the petitioner's contention, the ZBA properly interpreted the provisions of its own zoning ordinance as part of its determination of the petitioner's application (see id. § 255-8-30[C]; Matter of HV Donuts, LLC v Town of LaGrange Zoning Bd. of Appeals, 169 AD3d 678, 679), and its determination had a rational basis and was supported by sufficient evidence in the record (see Matter of Peyton v New York City Bd. of Stds. & Appeals, 36 NY3d 271, 280; Matter of White Birch Circle Realty Corp. v DeChance, 212 AD3d at 730).
The petitioner's contention that it was entitled to rebut the legal advice the ZBA received from the Town Attorney is without merit because the advice did not contain any new factual allegations and the Town Attorney lacked a vested interest in the decision (see Matter of Applebaum v Village of Great Neck Bd. of Appeals, 138 AD3d 830, 831; Matter of Logiudice v Southold Town Bd. of Trustees, 50 AD3d 800, 801).
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
CONNOLLY, J.P., GENOVESI, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court