In the Matter of C. Paul Russo, as Member of the Lay Committee of the Immaculate Conception Church, et al., Respondents, against William T. Stevens et al., Constituting the Board of Zoning Appeals of the City of Ithaca, et al., Appellants.

Third Department, April 23, 1959.

*Cobb, Cobb & Simpson* (*Harold E. Simpson* of counsel), for Tidewater Oil Company Inc., appellant.

*Thaler & Thaler* (*Manley H. Thaler* of counsel), for Leonard J. Van Lent, appellant.

*James J. Clynes, Jr.*, for City of Ithaca, appellant.

*John Lo Pinto* for respondents.

FOSTER, P. J. These are appeals by the Tidewater Oil Company and one Van Lent from an order of the Supreme Court, Special Term in Chemung County, in a proceeding under article 78 of the Civil Practice Act and section 82 of the General City Law. The order appealed from annulled a determination of the Board of Zoning Appeals of the City of Ithaca and remitted the matter to the board for further proceedings not inconsistent with the decision.

The controversy involves a permit issued to Tidewater Oil Company to erect a gas station at the northwest corner of Seneca and Geneva Streets in the City of Ithaca. It appears from the record, although not too clearly, that Geneva Street runs generally north and south, and is bisected by Seneca Street which runs generally east and west. Seneca Street apparently is a one-way street going west. On the southeast corner of the intersection is a Catholic church known as the Immaculate Conception Church. Some two and one-half blocks to the north of the intersection there is a parochial school under the jurisdiction of the church, whose pupils frequently attend various services at the church.

C. Paul Russo, one of the respondents herein, is the owner of real property located at No. 204 North Geneva Street in which he maintains an office for the practice of medicine. The other respondent is a member of the lay committee of the church. The appellants are Van Lent, the owner of the property upon which it is proposed to erect the gas station, and the Tidewater Oil Company which has a lease of such lot.

A permit to erect the gas station was granted by the Building Commissioner of the City of Ithaca upon the application of Tidewater Oil Company. Thereafter the respondents herein, Russo and Sprague, appealed to the Board of Zoning Appeals of the city from the granting of such permit. Such appeal was taken under the rules of the board and in conformity with section 81 of the General City Law. Hearings were held and considerable evidence was taken before the Board of Appeals. The board split 3 to 3 on the issue of whether the permit should stand, and hence the permit was affirmed because under section

81 of the General City Law the concurrence of 4 members of the board was necessary to reverse the action of the Building Commissioner. After this decision respondents herein brought this article 78 proceeding.

It is conceded by all concerned that the area in question is a business district under the Zoning Ordinance adopted by the City of Ithaca in 1950. It is also conceded that the only prohibited uses in a business district are set forth in section 2 of article 7 of the Zoning Ordinance, which reads as follows: "§ 2. Prohibited Uses. In Business districts, no business or industry may be carried on which is generally described as a 'Wholesale' or 'Heavy' business or industry; nor any which involves noxious fumes, strong odors, objectionable noise or undue hazard for pedestrian or other traffic."

So far as we can discover from the record there is no proof that a gas station would emit noxious fumes or strong odors; nor is there any proof that the operation of a gas station would ordinarily create objectionable noise. The real controversy before the board for all practical purposes was pinpointed to the issue of whether the erection of a gas station on the disputed site would create an undue hazard for pedestrian or other traffic. The Special Term (10 Misc 2d 530) in its decision did not pretend to pass upon the merits of the controversy so far as this issue was concerned. It reversed the board, because it determined that the board in making its determination went outside the record before it. The essence of its decision is contained in the following paragraph: " It is clear that the board went outside of the record of the hearing to obtain information which was relied upon in reaching its decision. The opinion of the prevailing members recite: 'To further explore this " undue hazard " claim, the whole board has examined Ithaca's accident experience records'; 'On investigation, in an interview at Ithaca's Traffic Bureau, we find that the accident experience is excellent * * * The Fire Department reports to us that gas stations are not unusual sources of fire' * * * and 'The Health Department report that they have no record of any problem of " noxious fumes or strong odors " at gas station location'. The record does not contain the reports or the substance of the interview " (p. 531).

Of course a Zoning Board of Appeals may act upon its own knowledge of conditions or make its own survey, and the Special Term so recognized (*People ex rel. Fordham Manor Ref. Church* v. *Walsh*, 244 N. Y. 280; *Matter of Levy* v. *Board of Stds. & Appeals*, 267 N. Y. 347). If it does so however it must set forth in its decision the facts known to its members but not otherwise

disclosed. The decision of the prevailing members of the board substantially meets this requirement. While recognizing these principles the Special Term felt that they did not permit the board to rely in whole or in part upon interviews, and reports made by others, which involved the interpretation of statistics and records by such others whose identities were not disclosed.

This is not a case of a proposed variance, or an exception to a prohibitive use within a zoning area. The permit was issued by the Building Commissioner and therefore when the respondents herein attacked the permit before the Board of Zoning Appeals the burden was upon them to prove that the issuance of the permit was a violation of the Zoning Ordinance. The prevailing members of the board conceded that considerable congestion of pedestrian and vehicular traffic occurred at the intersection on Sunday mornings during the change of Masses, but it found on its own knowledge that this situation is duplicated many times at other locations and was not undue or abnormal. Of course it is a familiar principle that a problem of this kind is peculiarly within the discretionary power of a Board of Zoning Appeals to determine, and a court must not substitute its judgment for the judgment of the board. The courts will not disturb the decision of the Zoning Board unless it is clearly arbitrary and constitutes an abuse of discretion (*Matter of Diocese of Rochester* v. *Planning Bd. of Town of Brighton,* 1 N Y 2d 508). In our opinion the standard applied by Special Term to the deliberations of the board was too narrow and restricted. We have no doubt that the board could examine on its own initiative any records kept by city agencies relative to traffic or fire hazards, and any incidental interviews with those in charge of such records would not amount to error sufficiently important to void the action of the board. The circumstances of the case lend weight to this conclusion. Ithaca is not such a large city and unquestionably the members of the board were familiar with the intersection in question, and moreover they made their own inspection of traffic conditions there. To require a retrial of the matter because some hearsay information may have crept into the board's deliberations would impose an unjustifiable burden on everyone concerned.

The order should be reversed and the determination of the board confirmed.

Coon, Gibson, Herlihy and Reynolds, JJ., concur.

Order reversed, on the law and the facts, without costs, and the determination of the Board of Zoning Appeals of the City of Ithaca confirmed.