Margaret COLEMAN and Joseph Coleman, Plaintiffs–Appellees,

v.

Patrick GORMLEY, Trustee under the Will of James S. Gormley, John P. Gormley, Thomas S. Gormley, James A. Gormley, Ruth H. Gormley, and the Board of County Commissioners of the County of Mesa, Colorado, Defendants–Appellants.

No. 86CA0261.

Colorado Court of Appeals, Div. III.

Nov. 25, 1987.

Coleman, Brown & Jouflas, Joseph C. Coleman, Grand Junction, for plaintiffs-appellees.

Maurice Lyle Dechant, Mesa Co. Atty., Alan N. Hassler, Stephen B. Johnson, Asst. Co. Attys., Grand Junction, for defendant-appellant The Bd. of County Com'rs of Mesa County, Colo.

Nelson, Hoskin, Groves & Prinster, P.C., Theodore Allegra, Grand Junction, for defendants-appellants Patrick Gormley, Trustee Under the Will of James S. Gormley, John P. Gormley, Thomas S. Gormley, James A. Gormley and Ruth H. Gormley.

TURSI, Judge.

The defendants, Patrick, John, Thomas, James, and Ruth Gormley (Gormleys) and the Mesa County Board of County Commissioners (Board), appeal the trial court's judgment reversing in part the Board's resolution granting a rezoning to the Gormleys' property. We reverse and remand with directions to reinstate the rezoning.

The Gormleys own a 5.6–acre parcel of property which was zoned R1A (one residential unit per acre). They petitioned the Board to rezone the property as a planned unit development to provide PB (planned business) on 2.87 acres and PR 7.5 (planned 7.5 residential units per acre) on 2.73 acres. The Mesa County Planning Commission recommended denial of the rezoning by a vote of five to three.

The Board held a public hearing on the proposed zoning change. Patrick Gormley and his representatives presented the plan and testified that the existing R1A zoning was impractical because of the development and increased traffic in the area. Representatives of the Grand Junction City Planning Department and the Mesa County Planning Staff testified that the residential portion of the plan was appropriate for the location but there was no justification or need for the business portion. One of these witnesses stated that the planned

business use was in conflict with city and county planning policy which recommended residential development for the area. Several neighbors of the property also testified against the proposed rezoning to planned business.

The Board voted two to one in favor of the rezoning. Subsequently, the Board issued a resolution approving the rezoning from R1A to PB and PR 7.5 subject to submission of an acceptable overall development plan to the Board.

The plaintiffs, Margaret and Joseph Coleman (Colemans), filed this C.R.C.P. 106(a)(4) action in the district court to obtain review of the Board's decision. They maintained the property in the immediate vicinity of the Gormleys' property was zoned for residential use at less than 7.5 units per acre and claimed, *inter alia*, that the Board acted arbitrarily and capriciously in approving the rezoning because there was no competent evidence to establish a change in the conditions of the neighborhood that would support such zoning change.

At a hearing on their action, the Colemans conceded there was sufficient evidence of change in the neighborhood to support the PR 7.5 portion of the rezoning. The district court concluded that in order for the rezoning application to be approved there must be evidence of change in the character of the neighborhood from the time of the last rezoning. It defined neighborhood to include "the area defined by resolution of the Board and practice which dictates to whom written notice by mail of the public hearing shall be made." Based on this definition, it concluded there was no competent evidence in the record before the Board to support the PB portion of the rezoning and it set it aside. It also determined there was sufficient evidence to support the PR 7.5 portion of the resolution and it affirmed that part of the rezoning.

## I

■ The defendants assert the trial court erred by defining the affected neighborhood as the area to which the Board sent written notice by mail of the public hearing. We agree.

The determination of the affected neighborhood depends on the facts and circumstances of each case, and courts refrain from issuing strict guidelines to define it. 2 A. Rathkopf & D. Rathkopf, *Law of Planning & Zoning,* § 28A.02[2][a] (1987). The definition of the neighborhood in a given case and how near a change must be to affect its character are primarily matters for the rezoning board to determine. *Goucher College v. DeWolfe,* 251 Md. 638, 248 A.2d 379 (1968). It is a determination of fact which is a function of the rezoning board and not an issue for the reviewing court. *See Corper v. City & County of Denver,* 191 Colo. 252, 552 P.2d 13 (1976).

Therefore, the trial court erred by holding the Board could not consider all of the facts and circumstances here involved to establish the affected neighborhood.

## II

The defendants also contend the trial court erred in reversing the Board's granting of the PB portion of the planned unit development, thus bifurcating the rezoning based on the court's conclusion that there was no competent evidence in the record before the Board showing a change in the neighborhood sufficient to permit the PB portion of the rezoning. We agree.

■ Property owners in areas with existing zoning regulations have a right to rely on them when there has been no material change in the character of the neighborhood that may require rezoning in the public interest. *Roosevelt v. City of Englewood,* 176 Colo. 576, 492 P.2d 65 (1971); *Holly Development, Inc. v. Board of County Commissioners,* 140 Colo. 95, 342 P.2d 1032 (1959). However, changed conditions are not a prerequisite to the establishment of a planned unit development. *Moore v. City of Boulder,* 29 Colo.App. 248, 484 P.2d 134 (1971). Rather, a planned unit development must meet all standards, procedures, and conditions of the planned development ordinance. *Tri–State Generation & Transmission Co. v. Thornton,* 647 P.2d 670 (1982); *Dillon*

*Companies, Inc. v. Boulder,* 183 Colo. 117, 515 P.2d 627 (1973).

Judicial review pursuant to C.R.C. P. 106(a)(4) permits the reviewing court to reverse the Board only if there is "no competent evidence" to support the decision. *Ross v. Fire & Police Pension Ass'n,* 713 P.2d 1304 (Colo.1986); *Corper v. City & County of Denver, supra.* The one claiming the invalidity of a rezoning ordinance has the burden of establishing its invalidity beyond a reasonable doubt. *Corper v. City & County of Denver, supra.* The weighing of evidence and the determinations of fact are functions of the rezoning board and not matters for consideration by the reviewing court. *Corper v. City & County of Denver, supra.*

Since the plaintiffs conceded there were sufficiently changed circumstances to authorize the planned development PR 7.5 portion of the rezoning, they may not contend there was no competent evidence of change before the Board. Thus, without deciding whether under the facts of this case a change is required, we must accept the Board's determination that there was enough evidence to authorize a rezoning and, accordingly, to support the rezoning of the planned unit development as a whole.

Plaintiffs have not directed our attention to any requirement, nor have we found any in the record, that the standard for granting a multifaceted planned unit development requires an escalating and differing change in neighborhood for each facet of the plan. *See Tri–State Generation & Transportation Co. v. Thornton, supra.* Neither the trial court nor we may reweigh the evidence to determine whether there was enough change to authorize the PR 7.5 but not the PB. The reviewing court is not equipped to make zoning decisions and cannot sit as a super-zoning commission and substitute its zoning decision for that of the zoning board. *Nopro Co. v. Town of Cherry Hills Village,* 180 Colo. 217, 504 P.2d 344 (1972); *Garrett v. City of Littleton,* 177 Colo. 167, 493 P.2d 370 (1972).

Since we reverse the trial court's judgment on these issues, we need not reach the defendant's remaining contentions.

The judgment is reversed and the cause is remanded with directions to reinstate the Board resolution granting the rezoning.

BABCOCK and CRISWELL, JJ., concur.