■ In the Matter of LEON LINZENBERG, Appellant, v MORTON SUMMER et al., Respondents. [715 NYS2d 886] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Ramapo, dated April 15, 1999, which, after a hearing, denied the petitioner's application for certain area variances, the appeal is from a judgment of the Supreme Court, Rockland County (Meehan, J.), dated December 17, 1999, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner applied for several area variances in order to build a single-family house on a substandard lot in the Town of Ramapo. After a public hearing, the Zoning Board of Appeals (hereinafter the ZBA) denied the application on the grounds, *inter alia,* that the requested variances for the lot size, lot width, side setback, street frontage, and floor area ratio were substantial in number and degree, the proposed house would produce an undesirable change in the neighborhood, and the petitioner's alleged economic hardship was self-created. The record reveals that the ZBA properly balanced the benefit to the petitioner against the detriment to the health, safety, and welfare of the neighborhood if the area variances were granted (*see,* Town Law § 267-b [3] [b]; *Matter of Sasso v Osgood,* 86 NY2d 374). Although there may be factors weighing in favor of granting the variances, the Supreme Court cannot substitute its judgment for that of the ZBA where, as here, there is substantial evidence in the record to support the denial of the application (*see, Matter of Cowan v Kern,* 41 NY2d 591).

Contrary to the petitioner's contention, the determination of the ZBA may be sustained without reference to the memorandum prepared by the clerk of the ZBA (*see, Matter of De Blois v*

*Wallace,* 88 AD2d 1073; *Matter of Russo v Stevens,* 7 AD2d 575; *Matter of Wunder v Macomber,* 34 Misc 2d 281). Ritter, J. P., Santucci, Krausman and Smith, JJ., concur.