CITY AND COUNTY OF DENVER, a Colorado municipal corporation, and its Department of Zoning Administration; Brian Volkman; and AGR, LLC, Plaintiffs–Appellees,

v.

The BOARD OF ADJUSTMENT FOR the CITY AND COUNTY OF DENVER and David P. Spencer, Defendant–Appellant.

No. 01CA0762.

Colorado Court of Appeals, Div. III.

May 23, 2002.

Certiorari Denied Oct. 15, 2002.

J. Wallace Wortham, Jr., Denver City Attorney, Patrick A. Wheeler, Assistant City Attorney, Denver, Colorado, for Plaintiff Appellee City and County of Denver and its Department of Zoning Administration.

Banks & Imatani, P.C., Edward Imatani, Lakewood, Colorado, for Plaintiffs–Appellees Brian Volkman and AGR, LLC.

Peterson Dymond Reagor, LLP, David D. Schlachter, Englewood, Colorado, for Defendant–Appellant.

Opinion by Judge ROY.

In this proceeding pursuant to C.R.C.P. 106(a)(4) brought by plaintiffs, City and County of Denver, Brian Volkman, and AGR, LLC (developer), defendant, David P. Spencer (neighbor), appeals from a district court judgment reversing an order of the Board of Adjustment of the City and County of Denver (board) revoking developer's zoning permit. We reverse and remand.

This case concerns the construction of a multifamily residential development as a use by right in the Glenn Court/Stoneman's Row subarea of the Platte River Valley (PRV) zoning district. The subarea zoning standards are set forth in § 59–502E of the Denver Revised Municipal Code (the code).

On November 5, 1999, the zoning administrator approved developer's zoning permit for construction of the development. The application for the permit was submitted as a small development under § 59–499(d)(1) of the code, which excused developer from providing notice to all landowners in the subarea. *See* Denver Rev. Mun.Code 59–499(d)(1)(b.5) (1982). The adjoining landowners therefore were not notified of developer's application, nor of its approval.

Developer began construction on February 11, 2000. On February 16, 2000, neighbor filed an objection with the zoning administrator, requesting that the permit be revoked because it violated the code. The zoning administrator denied the request in a letter the next day, which informed neighbor that he could appeal to the board. On February 24, 2000, neighbor appealed from the denial of his request for revocation and asked that the board revoke the permit and direct developer to cease construction pending the outcome of the review. The board scheduled an evidentiary hearing, but declined to order developer to cease construction.

Following the evidentiary hearing, the board unanimously reversed the zoning administrator's decision and revoked the zoning permit. The city sought review pursuant to C.R.C.P. 106(a)(4), and developer intervened. The district court reversed the findings and conclusions of the board. Neighbor appeals from that decision.

### I.

■ Review of a governmental body's decision pursuant to C.R.C.P. 106(a)(4) calls into question the decision of the body itself, not the district court's determination on review. *See City of Colorado Springs v. Securcare Self Storage, Inc.*, 10 P.3d 1244 (Colo. 2000). Our review is based solely on the record that was before the board, and the decision must be affirmed unless there is no competent evidence in the record to support it such that it was arbitrary or capricious. *See Krupp v. Breckenridge Sanitation District*, 1 P.3d 178 (Colo.App.1999), *aff'd*, 19 P.3d 687 (Colo.2001).

■ We consider whether the board abused its discretion or exceeded its jurisdiction, as well as whether it applied an erroneous legal standard. *See Puckett v. City & County of Denver*, 12 P.3d 313 (Colo.App. 2000). Generally, a reviewing court should defer to the construction of a statute by the administrative officials charged with its enforcement. *See Platte River Environmental Conservation Organization, Inc. v. National Hog Farms, Inc.*, 804 P.2d 290 (Colo.App. 1990). If there is a reasonable basis for an administrative board's interpretation of the law, we may not set aside the decision on that ground. *See Wilkinson v. Board of County Commissioners*, 872 P.2d 1269 (Colo. App.1993).

■ Administrative proceedings are accorded a presumption of validity and regularity, and all reasonable doubts as to the correctness of administrative rulings must be resolved in favor of the agency. The burden is on the party challenging an administrative agency's action to overcome the presumption that the agency's acts were proper. *See Van Sickle v. Boyes*, 797 P.2d 1267 (Colo.1990); *Wildwood Child & Adult Care Program, Inc.*

*v. Colorado Department of Public Health & Environment*, 985 P.2d 654 (Colo.App.1999).

### II.

■ Neighbor argues that the district court erred by concluding that the board exceeded its jurisdiction in hearing his appeal because it was untimely. Neighbor contends that his February 24 appeal was timely from the zoning administrator's February 17 letter. We agree.

The city's home rule charter states:

> Appeals to the board of adjustment may be taken by any person aggrieved or by an officer, department, board or bureau of the municipality affected by *any decision* of an administrative officer. Such appeal shall be taken within a reasonable time, as provided by the rules of the board by filing with the officer from whom the appeal is taken and with the board of adjustment a notice of appeal, specifying the grounds thereof.

Denver Rev. Mun.Code B1.19–3 (1982)(emphasis added). Further, the board is empowered to "hear and decide appeals where it is alleged there is error in *any* order, requirement, *decision* or determination made by an administrative official in the enforcement of this amendment or of any ordinance adopted pursuant thereto." Denver Rev. Mun.Code B1.19–6 (1982)(emphasis added). Section 59–39(a) of the code adds that "[a]ny person aggrieved ... may appeal to the board of adjustment from *any* order or *decision of the department* [of zoning administration]" (emphasis added). The relevant board rule provides that an appeal "must be filed in the office of the Board within fifteen (15) days of the action appealed." Board of Adjustment Restated Rules of Procedure art. III, § 1.

■ A city ordinance must be construed according to its plain and ordinary meaning. *See* Denver Rev. Mun.Code 59–16(c)(1982); *Catholic Archdiocese v. City & County of Denver*, 741 P.2d 333 (Colo.1987); *Steamboat Springs Rental & Leasing, Inc. v. City & County of Denver*, 15 P.3d 785 (Colo.App. 2000).

Construing each of the above ordinances in accordance with their plain and ordinary

meaning, it is apparent that they permit neighbor to appeal from the zoning administrator's decision not to review the approval of developer's zoning permit. Our opinion is supported by the zoning administrator's own interpretation of the ordinances in the letter advising neighbor of his right to appeal, as well as by the board's construction and conclusion that "[t]he appeal was timely filed February 24, 2000, from a letter of the Zoning Administrator dated February 17, 2000."

We are mindful of developer's argument that permitting a right of appeal from a decision not to review a prior decision minimizes the usefulness of the fifteen-day time limit. However, in light of the ordinances' plain language and intent to create a right of appeal, and the lack of notice to neighbors or other interested parties of the granting of the zoning permit, we cannot hold that neighbor's right of appeal was extinguished fifteen days after the issuance of the permit. To do so would extinguish the right of appeal where the aggrieved party is not notified of the application or zoning administrator's decision until after the expiration of the fifteen-day period, and thus would undermine the enforcement of the ordinances and the intent to grant a right to such an appeal. We therefore conclude that neighbor's appeal was timely filed from the zoning administrator's decision not to review the permit approval.

### III.

Neighbor contends that the trial court erred by concluding that the board lacked the authority and power to review the zoning administrator's decision de novo. We agree.

In exercising its powers on appeal, the board

> may ... reverse or affirm, wholly or partly, or may modify the order, requirement, decision or determination appealed from and may make such order, requirement, decision or determination as ought to be made, and to that end shall have all the powers of the officer from whom the appeal is taken.

Denver Rev. Mun.Code B1.19–7 (1982). Further, § 59–54 provides:

> Subject to the limitations enumerated herein, the board shall have and exercise the following powers; in the exercise of its powers, the board may reverse or affirm, wholly or partly, or may modify the order, requirement, decision or determination appealed from and may make such order, requirement, decision or determination as ought to be made and, to that end, shall have all the powers of the officer or department from whom the appeal is taken:
>
> . . . .
>
> (1) *Administrative Review.* To hear and decide appeals where it is alleged there is error in any order, requirement, decision or determination made by an administrative official in the enforcement of this chapter.

Denver Rev. Mun.Code 59–54(1) (1982). These powers are limited in Denver Rev. Mun.Code 59–55, which provides in pertinent part:

> Limitations on powers.
>
> . . . .
>
> (b) *Findings of fact.* Every decision of the board shall be based upon findings of fact and every finding of fact shall be supported in the record of its proceedings. The enumerated conditions required to exist on any matter upon which the board is required to pass under this chapter shall be construed as limitations on the power of the board to act. A mere finding or recitation of the enumerated conditions unaccompanied by findings of specific facts shall not be deemed compliance with this chapter.
>
> . . . .
>
> (f) *Presumption.* Any determination or finding of the zoning administrator shall be presumed to be correct until evidence is introduced which would support a contrary determination or finding.

These ordinances require only that a party appealing the zoning administrator's decision introduce evidence before the board that the decision was erroneous. Thus, in this C.R.C.P. 106(a)(4) action, the board's decision must be affirmed unless there is no competent evidence in the record before the board to support its conclusion that the zoning ad-

ministrator's decision was arbitrary or capricious. *See Krupp v. Breckenridge Sanitation District, supra.* Alternatively, the board's decision may be reversed if it applied an erroneous legal standard. *See Puckett v. City & County of Denver, supra.*

Plaintiffs argue on appeal that the board applied an erroneous legal standard by reviewing the zoning administrator's decision de novo and that the board's decision was arbitrary and capricious because neighbor introduced no evidence of error by the zoning administrator. We disagree with both contentions.

### A.

Sections B1.19–7 and 59–54 of the code expressly provide that the board has all the powers of the officer or department from whom the appeal is taken. In effect, the board steps into the shoes of the zoning administrator because it is granted the power to do that which ought to have been done in the first place. The board's review therefore is de novo.

We do not read the presumption of correctness of the zoning administrator's decision under § 59–55(f) as creating a more stringent standard of review for the board, akin to that contained in C.R.C.P. 106(a)(4) for review by the court. To do so would be inconsistent with the plain and unambiguous language in §§ B1.19–7 and 59–54 and would enlarge the limitation provided in § 59–55(f) beyond that actually written. *See, e.g., Jones v. Martinez,* 799 P.2d 385 (Colo.1990)(when statute is clear and unambiguous, judicial construction is unwarranted, and statute must be enforced as written); *State Board of Equalization v. American Airlines, Inc.,* 773 P.2d 1033 (Colo.1989)(same); *see also Catholic Archdiocese v. City & County of Denver, supra* (refusing to read more restrictive interpretation into ordinance than that written).

Rather, the presumption in § 59–55(f) allocates the burden of proof to the party appealing to the board. The zoning administrator initially determines whether the project complies with the zoning ordinances and regulations. Then § 59–55(f)

shifts the burden to an appealing party to provide to the board evidence that, as applicable here, an approved use in fact did not satisfy the zoning requirements. The presumption in § 59–55(f) that the zoning administrator's decision is correct "until evidence is introduced which would support a contrary determination or finding" supports this conclusion. Permitting the introduction of evidence supporting a contrary finding is meaningless if the zoning administrator's decision must be affirmed on a mere showing that competent evidence supports it.

Plaintiffs rely on *City of Colorado Springs v. Givan,* 897 P.2d 753 (Colo.1995), in support of their position that the zoning administrator's decision must be affirmed if supported by competent evidence. However, that case is inapposite because the legislation there expressly provided that the reviewing administrative authority apply the same standard of review as specified in C.R.C.P. 106(a)(4). The supreme court, on C.R.C.P. 106(a)(4) review, therefore was in the same position as the reviewing administrative authority and so could review directly the initial decision from which the appeal was taken.

In this case, however, neither § 59–55(f) nor any other ordinance cited by plaintiffs expressly provides for board review by the same competent evidence standard found in C.R.C.P. 106(a)(4). Thus, because we are not in the same position as the board was in its review, we may not "pierce the administrative hierarchy" and review directly the zoning administrator's decision to determine whether it was supported by competent evidence. *Givan* does not mandate that the board apply a competent evidence standard where there is no express statutory requirement that it do so.

The board therefore appropriately applied a de novo review to the zoning administrator's decision.

### B.

Having concluded that the board applied an appropriate standard of review, we review the record before the board and find

ample competent evidence supporting its findings and conclusions.

In its written decision, the board concluded that "a desire to encourage development in the area should [not] lead to neglect of clear technical requirements, such as the process of measurement set out at Section 59–2(23.5) D.R.M.C." Later, the board elaborated:

> The Board finds that the Zoning Administrator's order was in error.
>
> . . . .
>
> The Board finds that it is the intent of the PRV zoning district to allow flexibility, but this flexibility is not meant to circumvent the code as a whole. The Administrator erred in not following the Code's technical requirements, which were clearly described in the subarea requirements set out in the PRV district Code section, as well as in the neighborhood plan, and in certain specific sections of the code (e.g., in the measurement of building heights as described at Section 59–2(23.5) D.R.M.C. and at Sections 59–494, 59–499, 59–502(a) and 502E D.R.M.C.).

The board also expressly found that the proposed height of the development was sixteen feet taller than code requirements and that the zoning administrator improperly calculated height measurements without reference to § 59–2(23.5), and the board concluded that "it was thus an error for Zoning to have issued such a permit."

Further, the board found that "[b]oth the PRV subarea code and the neighborhood plan call for low density residential development, with a density of 14.5 units per acre. The proposed project would have a density of approximately 22 units per acre. . . ." Finally, the board regarded as error the zoning administrator's promotion of the goals of flexibility in the PRV code section at the expense of the guidelines in the neighborhood plan. These findings sufficiently satisfy the requirements of § 59–55(b) and (f) that the appealing party provide evidence of the zoning administrator's error and the board make findings of fact.

The board's findings and conclusions are supported by the record. Several witnesses testified regarding height and density requirements, and both developer and the zoning administrator admitted that they did not follow the height measurement requirements of § 59–2(23.5). The zoning administrator also admitted that he chose to promote flexibility in residential development ahead of adherence to the neighborhood plan requirements, despite Denver Rev. Mun.Code 59–502E.10.(b), which states that developments "*shall* match existing residential building heights" (emphasis added). Accordingly, § 59–502E.10.(b) provides a reasonable basis for the board's interpretation that the PRV zoning district's allowance for flexibility may not circumvent the code's technical requirements as a whole, and we defer to the board's construction. *See Wilkinson v. Board of County Commissioners, supra; Platte River Environmental Conservation Organization, Inc. v. National Hog Farms, Inc., supra.*

The district court's judgment is reversed, and the case is remanded for entry of judgment affirming the board's decision.

Judge NEY and Judge DAILEY concur.