**IBC DENVER II, LLC, a Delaware limited liability company, Plaintiff–Appellant,**

v.

**CITY OF WHEAT RIDGE, a Colorado municipal corporation, and City Council of the City of Wheat Ridge, Defendants–Appellees.**

No. 06CA2534.

Colorado Court of Appeals, Div. V.

April 3, 2008.

Brownstein Hyatt Farber Shreck, P.C., Wayne F. Forman, Mark J. Mathews, Victoria O. Williams, Denver, Colorado, for Plaintiff–Appellant.

Light, Harrington & Dawes, P.C., Steven J. Dawes, Sophia H. Tsai, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge J. JONES.

In this C.R.C.P. 106(a)(4) proceeding, IBC Denver II, LLC (IBC) appeals from the district court's judgment affirming the City of Wheat Ridge City Council's denial of its application for rezoning. We affirm.

## I. Background

IBC owns a 14.58–acre parcel of land located in Wheat Ridge, Colorado (the property). The property is the former site of the Jolly Rancher candy manufacturing plant, which ceased operations in 2002. IBC purchased the property and tore down all but one of the buildings on the site. The property is currently zoned "Planned Industrial Development (PID) and Industrial (I)," and is so reflected in the Wheat Ridge Comprehensive Plan and on Wheat Ridge's official zoning map.

IBC seeks to redevelop the property in a manner not permitted by the Planned Industrial Development and Industrial zoning classifications. Specifically, IBC proposes a three-phase redevelopment plan: Phase I contemplates construction of six office/warehouse buildings and renovation of the lone existing building on the property; Phases II and III are less well defined, but IBC anticipates they would involve commercial and retail development.

Following extensive interaction with Wheat Ridge's Community Development Department staff, as well as neighborhood meetings, IBC submitted three applications to the Wheat Ridge Planning Department.

As relevant here, the first sought a change of the zoning classification of the property to "Planned Mixed Use District." The Wheat Ridge Planning Commission held two public hearings on IBC's applications. At the conclusion of the second public hearing, the Planning Commission recommended approval of IBC's applications, subject to several conditions.

The Wheat Ridge City Council held a public hearing on IBC's applications. At the conclusion of the hearing, the City Council voted, by a count of six to one, to deny IBC's application for rezoning for a variety of reasons. Subsequently, the City Council issued a written decision containing findings. Therein, the City Council stated that it denied IBC's rezoning application for essentially four reasons: (1) the character of the area had not changed; (2) the proposed development was inconsistent with policies of the Comprehensive Plan in various particulars; (3) the proposed development would create excessive traffic congestion; and (4) the proposed development would create drainage problems.

IBC timely commenced this action in Jefferson County District Court. The district court entered a written order affirming the Wheat Ridge City Council's denial of IBC's rezoning application, concluding that competent evidence supported several of the City Council's findings. (The district court did not address all of the City Council's reasons for denying the application.) IBC appeals.

## II. Discussion

On appeal, IBC raises essentially two arguments. First, IBC contends the City Council's reasons for denying the rezoning application which the district court addressed are not supported by competent evidence. Second, IBC contends the reasons given by the City Council were pretexts for its "real reason"—to delay redevelopment of the property until it could adopt transit-oriented development requirements in response to the likely placement of a light-rail station near the property, requirements which IBC's proposed development would not fully satisfy.

We conclude that the City Council's decision must be affirmed because IBC's opening

brief does not address all of the reasons the City Council denied the rezoning application, any one of which is sufficient to support the denial. Alternatively, we conclude that the City Council's decision is supported by competent evidence, and we decline IBC's invitation to find that notwithstanding the existence of legitimate reasons for the denial, the City Council had an improper motive.

### A. Standard of Review

■■■ "Review of a governmental body's decision pursuant to Rule 106(a)(4) requires an appellate court to review the decision of the governmental body itself rather than the district court's determination regarding the governmental body's decision." *Bd. of County Comm'rs v. O'Dell*, 920 P.2d 48, 50 (Colo. 1996). Accordingly, "[o]ur review is based solely on the record that was before the [governmental body], and the decision must be affirmed unless there is no competent evidence in the record to support it ...." *City & County of Denver v. Bd. of Adjustment*, 55 P.3d 252, 254 (Colo.App.2002); *accord O'Dell*, 920 P.2d at 50. "'No competent evidence' means that the governmental body's decision is 'so devoid of evidentiary support that it can only be explained as an arbitrary and capricious exercise of authority.'" *O'Dell*, 920 P.2d at 50 (quoting in part *Ross v. Fire & Police Pension Ass'n*, 713 P.2d 1304, 1309 (Colo.1986)).

> In the case of a zoning proceeding, a court is not the fact finder and may not substitute its own judgment for that of a zoning board where competent evidence exists to support the zoning board's findings.... The role of a reviewing court in a challenge to a zoning board's decision "is not and should not be to sit as a zoning board of appeals." ... Thus, courts should not interfere with the decision of the zoning authorities absent a clear abuse of discretion.

*O'Dell*, 920 P.2d at 50 (citations omitted) (quoting in part *Sundance Hills Homeowners Ass'n v. Bd. of County Comm'rs*, 188 Colo. 321, 328, 534 P.2d 1212, 1216 (1975)); *see also Coleman v. Gormley*, 748 P.2d 361, 364 (Colo.App.1987). "The burden is on the party challenging [a governmental body's]

action to overcome the presumption that the [governmental body's] acts were proper." *City & County of Denver*, 55 P.3d at 254.

### B. Reasons for Denial Unchallenged in IBC's Opening Brief

■■ The City argues in its answer brief that the City Council's decision must be affirmed because IBC did not challenge all the reasons for the decision in its opening brief. We agree.

IBC's opening brief challenges only those reasons for denial of its rezoning application that were addressed by the district court. The district court, however, did not address the City Council's findings that the proposed development is inconsistent with two policies of the Comprehensive Plan, specifically, allowing industrial uses that are self-contained, with no visible outdoor storage; and setting out the desired character and attributes of Planned Business/Industrial Parks.

As noted, in a Rule 106(a)(4) proceeding, this court reviews the decision of the governmental body, not the decision of the district court. *See O'Dell*, 920 P.2d at 50; *City & County of Denver*, 55 P.3d at 254. "The question is not whether there is evidence to support the [district court's] conclusions in this matter. Rather, the question is whether there is competent evidence to support the [governmental body's] conclusions regarding [the] application." *O'Dell*, 920 P.2d at 52.

It follows that because the City Council articulated several reasons for denying the rezoning application, and any one of the reasons is sufficient to support the denial, *see* Wheat Ridge Code of Laws § 26.112.D (2005), it was incumbent on IBC, as the party bearing the burden of establishing that the City Council's action was improper, *see City & County of Denver*, 55 P.3d at 254, to challenge each of the City Council's reasons in this court. *See, e.g., Gamber v. Missouri Dep't of Health & Senior Servs.*, 225 S.W.3d 470, 476 (Mo.Ct.App.2007); *Gonzales v. Lopez*, 132 N.M. 558, 52 P.3d 418, 425 (App. 2002); *Sloan v. Dep't of Transp.*, 365 S.C. 299, 618 S.E.2d 876, 880 (2005); *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 456 (Tex.App.2007); *cf. Foxley v. Foxley*, 939 P.2d 455, 458–59 (Colo.App.1996) (appellant's

failure to challenge one of two alternative bases for dismissal of claims required affirmance of dismissal); *Blinder, Robinson & Co., Inc. v. Alzado*, 713 P.2d 1314, 1319 (Colo. App.1985) (where appellant joined in co-appellant's brief, but co-appellant's brief did not address basis for judgment against appellant, appellant's appeal deemed abandoned), *aff'd in part and rev'd in part on other grounds*, 752 P.2d 544 (Colo.1988).

■ While IBC's reply brief addresses the additional reasons for the City Council's denial of its rezoning application not addressed in its opening brief, we do not consider arguments raised on appeal for the first time in a reply brief. *Schempp v. Lucre Management Group, LLC*, 75 P.3d 1157, 1164–65 (Colo. App.2003); *Foxley*, 939 P.2d at 459. Accordingly, we must affirm the City Council's decision.

### C. Competent Evidence Supports the City Council's Findings

#### 1. No Change in the Character of the Area

■ Under Wheat Ridge Code of Laws § 26.112.D, an application for rezoning must demonstrate, as a threshold matter, either that the existing zoning classification shown on the official zoning map is erroneous or that "[a] change in character of the area has occurred due to installation of public facilities, other zone changes, new growth trends, deterioration, or development transitions." *See also King's Mill Homeowners Ass'n, Inc. v. City of Westminster*, 192 Colo. 305, 310–11, 557 P.2d 1186, 1190 (1976). IBC did not claim that there is an error on the official zoning map, and on appeal contends only that competent evidence does not support the City Council's finding that there has not been a change in the character of the area.

We observe initially that it is questionable whether IBC preserved this issue for review, as the record of the proceedings before the municipality does not show that IBC argued that there has been a change in the character of the area. Nonetheless, we conclude IBC's arguments on appeal are without merit.

IBC contends that the mere fact the Jolly Rancher factory has closed establishes a change in the character of the area. We disagree.

At least where, as here, the property in question is located in the midst of a developed area, it strains reason to suggest a property owner can force a rezoning based on a change in the character of the area merely by ceasing operations or destroying buildings on its property. The relevant area will typically extend beyond the property at issue, and the rezoning ordinance applicable in this case makes clear that the relevant "area" includes some area around the property as to which rezoning is sought. The City Council apparently interpreted the term in that manner, and we defer to its interpretation. *Coleman*, 748 P.2d at 363 (the determination of the relevant "neighborhood" is a question of fact for the rezoning board, not the court); *see Regents of Univ. of Colo. v. City & County of Denver*, 929 P.2d 58, 61 (Colo.App.1996) (court would defer to city agency's interpretation of its own rules). Thus, while a change in character of the subject property may have some bearing on whether the character of the area in which it is located has changed, the City Council was entitled to consider whether the character of the area surrounding the property had changed. The record contains no evidence of such a change.

*Bassani v. Bd. of Comm'rs*, 70 Wash.App. 389, 853 P.2d 945 (1993), on which IBC relies, does not support IBC's position. In that case, the evidence showed substantial change in the character of both the subject property *and* the general area around the subject property. *Id.* at 949. In this case, in contrast, IBC made no showing of change to the surrounding area.

IBC also contends the City Council's finding is not supported by competent evidence because the City Council erroneously relied on the conclusion of the planning staff that "there has been no recent change in the character of the area." A rezoning authority, however, may rely on conclusions of the professionals charged with assessing rezoning applications. *See Hawkes v. Town Plan & Zoning Comm'n*, 156 Conn. 207, 240 A.2d 914, 917 (1968) (zoning commission relied on information provided by town planner and

engineer); *Russo v. Stevens,* 7 A.D.2d 575, 184 N.Y.S.2d 989, 991–92 (1959) (zoning board relied on reports by various city departments). *See generally* 8A Eugene McQuillin, *The Law of Municipal Corporations* § 25.266 (3d ed.2003). IBC cites no authority to the contrary. Nor has it escaped our notice that IBC contends that with respect to other reasons the City Council gave for its decision, the City Council abused its discretion in not relying on staff conclusions or recommendations and opinions of other government officials.

Further, IBC's argument in this regard fundamentally misapprehends the applicable burden of proof. As noted, IBC had the burden of demonstrating change in the area's character; the City Council was not required to show that the character of the area had not changed. Therefore, so long as the City Council could reasonably have determined that IBC had not presented sufficient evidence of a change in the character of the area, it does not matter whether there was affirmative evidence that the character of the area had not changed. Based on our review of the record, we conclude that the City Council could reasonably have found that IBC did not carry its burden of proof.

In sum, competent evidence in the record supports the City Council's finding that the character of the area around the property had not changed. Because IBC was required to establish such a change (among other things) to obtain a rezoning of the property, we must affirm the City Council's denial of IBC's rezoning application.

### 2. Other Challenges to the City Council's Findings

In light of our conclusion upholding the City Council's finding that there had been no change in the character of the area, we need not address IBC's challenges to the City Council's other findings. In any event, based on our review of the record, we conclude those findings are supported by competent evidence. IBC's arguments to the contrary essentially ask us to reweigh the evidence, which is not our role. *O'Dell,* 920 P.2d at 50.

### D. Reliance on Uncodified Transit–Oriented Development Requirements

■ Last, IBC contends we should reverse the City Council's decision because the "real reason" it denied the rezoning application was because it wanted to delay development of the project until it enacted "transit-oriented development" requirements in response to the Regional Transportation District's indication it intends to place a light-rail station near the property. We are not persuaded.

IBC relies on cases which hold that where a development plan meets all of the zoning requirements, a governmental body may not prevent the development by relying on extraneous considerations. *See, e.g., Cherry Hills Resort Dev. Co. v. City of Cherry Hills Village,* 790 P.2d 827, 832 (Colo.1990); *Sherman v. City of Colorado Springs Planning Comm'n,* 763 P.2d 292, 296–97 (Colo.1988); *Bauer v. City of Wheat Ridge,* 182 Colo. 324, 326–27, 513 P.2d 203, 204 (1973); *see also* § 24–68–102.5(1), C.R.S.2007. Here, however, IBC's development plan did not meet all of the zoning requirements. Indeed, IBC conceded it could not proceed with its development plan unless the property was rezoned, and sought such a rezoning. As discussed above, competent evidence in the record supports the City Council's reasons for denying rezoning, and the City Council made its findings pursuant to codified standards.

The case on which IBC relies primarily, *National Amusements, Inc. v. City of Boston,* 29 Mass.App.Ct. 305, 560 N.E.2d 138 (1990), is clearly distinguishable. In that case, the municipality had not engaged in any analysis of land use planning considerations in rezoning a particular parcel. *Id.* at 141–42. Here, the City Council and the planning staff engaged in extensive analysis of such considerations.

We acknowledge that there was some discussion of the impact of the anticipated light-rail station and the need to plan for that impact before the City Council voted to deny IBC's rezoning application. We also acknowledge that the City Council subsequently adopted a new plan governing the area

surrounding the property in the northwest portion of the city. However, the record does not show that the reasons given by the City Council for denying IBC's rezoning application were mere "fig leaves" to cover its supposed "real reason." And, given that the City Council's stated reasons are supported by competent evidence, we will not attempt to read the collective mind of the City Council to determine whether its members were motivated by improper considerations. *See Huneke v. Glaspy*, 155 Colo. 593, 595–99, 396 P.2d 453, 455–57 (1964) (district court erred in determining that city council's rezoning decision was not adopted to promote any of the purposes of the zoning ordinance where evidence in the record supported the decision); McQuillin § 25.278.10, at 487–93.

The judgment is affirmed.

Judge ROY and Judge GRAHAM concur.