24CA0374 GaNun v Epic 12-26-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0374
City and County of Denver District Court No. 22CV31893
Honorable Mark T. Bailey, Judge

Jennifer GaNun and Andrew Thomas,

Plaintiffs-Appellants,

v.

Epic on the Park Homeowners Association, Inc., a Colorado non-profit
corporation,

Defendant-Appellee.

ORDER AFFIRMED AND CASE REMANDED WITH DIRECTIONS

Division I
Opinion by JUDGE J. JONES
Lipinsky and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 26, 2024

Pat Mellen Law, LLC, Patricia Ann Mellen, Denver, Colorado, for Plaintiffs-
Appellants

Orten Cavanagh Holmes & Hunt, LLC, Marcus T. Wile, Jonah G. Hunt, Denver,
Colorado, for Defendant-Appellee

¶ 1	Plaintiffs, Jennifer GaNun and Andrew Thomas, appeal the district court's order granting defendant Epic on the Park Homeowners Association, Inc.'s (Epic) motion for attorney fees. We affirm and remand the case to the district court for a determination of Epic's reasonable attorney fees incurred in this appeal.

## I.	Background

¶ 2	Plaintiffs own a condominium unit in a planned unit development for which Epic is the homeowner's association. They filed a complaint against Epic asserting claims for breach of contract, breach of the covenant of good faith and fair dealing, and negligence. The gist of their claims was that Epic failed to adequately fix problems with their unit's roof, in violation of duties imposed by the development's declaration and bylaws.

¶ 3	A jury found in Epic's favor on all three claims.[1]

¶ 4	Epic filed a motion for an award of its attorney fees under sections 38-33.3-123(1)(c) and -302(1)(k), C.R.S. 2024, of the

---

[1] Plaintiffs appealed the district court's judgment entered on the jury's verdicts. A division of this court affirmed the judgment. *GaNun v. Epic on the Park Homeowners Ass'n,* (Colo. App. No. 23CA1667, Aug. 15, 2024) (not published pursuant to C.A.R. 35(e)) (*GaNun I*).

Colorado Common Interest Ownership Act (CCIOA) and Article V, Section 5.7.3 of the declaration.[2]  The district court concluded that Epic was entitled to such an award under both CCIOA and the declaration, and it entered an order awarding Epic $93,081.91.

## II.    Discussion

¶ 5      Plaintiffs' challenge to the district court's order is limited to a single contention — that the court erred by awarding fees to Epic under CCIOA on the negligence claim because Epic "relied on a disputed separate concept, the Business Judgment Rule, as an affirmative defense excusing performance of its duty, rather than relying on the governing documents, and CCIOA was never mentioned as even a concept in this litigation[.]"[3]  For two reasons, we don't see any basis to reverse the order.

---

[2] Section 5.7.1 of the declaration provides that an owner has a right of action against the association for any failure to comply with the "Association Documents," which, per section 2.6, includes the bylaws.  Section 5.7.3 provides that "[t]he prevailing party in any . . . civil action shall be entitled to reimbursement from the non-prevailing party for all collection costs and expenses, including attorney fees, in connection with such . . . judicial relief."

[3] Plaintiffs don't challenge the amount of the fees the district court awarded to Epic.

¶ 6     First, contrary to plaintiffs' assertion, the district court plainly awarded Epic its attorney fees incurred in defending against all of plaintiffs' claims — including the negligence claim — under both CCIOA and the declaration.  Because plaintiffs don't challenge the award under the declaration, we must affirm.  *See IBC Denver II, LLC v. City of Wheat Ridge*, 183 P.3d 714, 717-18 (Colo. App. 2008) (when a district court gives more than one reason for a decision, an appellant must challenge all those reasons; failure to do so requires affirmance).

¶ 7     Second, again contrary to plaintiffs' assertion, their negligence claim was expressly based on a duty allegedly created by the bylaws.  In paragraph 82 of their complaint (within the allegations of the negligence claim), plaintiffs alleged that "[t]he HOA's bylaws expressly state that the Board has a 'duty' to make prompt and complete repairs to the Common Elements," and in paragraph 85 (also within the allegations of the negligence claim), they alleged that Epic breached this "express duty."  (In paragraph 26 of the

complaint (within the general allegations), plaintiffs also alleged the existence of this duty arising from the bylaws.)[4]

¶ 8    Nonetheless, plaintiffs argue that the district court "indicated that it disagreed with [Epic's] analysis" as to fees for defending against the negligence claim. It didn't. When Epic's counsel asserted that "[t]he entire duty . . . that the claim of negligence is premised on is a duty that stems from the contractual relationship between the parties," the court asked Epic's counsel a *hypothetical* question: "If I disagree with you [that the negligence claim arises from the contract], what effect should that have on the analysis?"

---

[4] Indeed, in opposing Epic's motion, plaintiffs' counsel didn't argue that the court shouldn't award fees for defending against the negligence claim because that claim wasn't based on the association's governing documents. She only argued that the court shouldn't award fees on any claim because plaintiffs didn't base their claims, and Epic didn't base its defense, on CCIOA. Plaintiffs' counsel's failure to raise this argument below also means that we don't need to consider it. *Est. of Stevenson v. Hollywood Bar & Cafe, Inc.*, 832 P.2d 718, 721 n.5 (Colo. 1992). Even so, the argument fails on the merits.

The court didn't say that it disagreed with Epic's counsel on that point, and its written order belies any such contention.[5]

¶ 9   Section 38-33.3-123(1)(c)(I) of CCIOA requires an award of attorney fees to "the prevailing party" in "any civil action to enforce . . . bylaws." As noted above, plaintiffs' negligence claim was expressly based on a duty allegedly arising under the bylaws, and, therefore, was one to enforce those bylaws and subject to section 38-33.3-123(1)(c). Plaintiffs' position that section 38-33.3-123(1)(c)(I) doesn't apply if either the claim or defense fails to expressly invoke some provision of CCIOA itself is contrary to the statute's plain language.

---

[5] We also observe that the division that affirmed the judgment in this case concluded, in holding that Epic was entitled to an award of attorney fees incurred in that appeal, that "[p]laintiffs' claims were expressly premised on the development's declaration and bylaws." *GaNun I*, slip op. at 7. That holding is the law of the case. And though we have discretion to reconsider the division's prior ruling, *Core-Mark Midcontinent, Inc. v. Sonitrol Corp.*, 2012 COA 120, ¶ 10, plaintiffs haven't given us any good reason to do so.

¶ 10    In sum, the district court didn't abuse its discretion by awarding Epic its attorney fees incurred in defending against plaintiffs' negligence claim.[6]

### III.    Epic's Attorney Fees on Appeal

¶ 11    Because Epic has successfully defended the district court's attorney fees order, we grant its request for an award of its reasonable attorney fees incurred on appeal under both CCIOA and the declaration.  *See Accetta v. Brooks Towers Residences Condo. Ass'n*, 2021 COA 147M2, ¶¶ 50-51.  Pursuant to C.A.R. 39.1, we exercise our discretion to remand the case to the district court for a determination of the amount of those fees.

### IV.    Disposition

¶ 12    The order is affirmed.  The case is remanded to the district court for a determination of Epic's reasonable attorney fees incurred in this appeal.

JUDGE LIPINSKY and JUDGE SULLIVAN concur.

---

[6] Plaintiffs disavow any challenge to the fees awarded on the two breach of contract claims.  Yet they don't attempt to explain how the fees incurred in defending against those claims could be separated from the fees incurred to defend against the negligence claim.