24CA0795 Peo v Nunez-Guardado 05-08-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0795
El Paso County District Court No. 23CR2401
Honorable Samuel A. Evig, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Irvin Nunez-Guardado,

Defendant-Appellant.

---

ORDER AFFIRMED

Division IV
Opinion by JUDGE PAWAR
Harris and Grove, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 8, 2025

---

Philip J. Weiser, Attorney General, Jessica E. Ross, Senior Assistant Attorney
General & Assistant Solicitor General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Kimberley J. Davis, Deputy
State Public Defender, Colorado Springs, Colorado, for Defendant-Appellant

¶ 1    Defendant, Irvin Nunez-Guardado, appeals the district court's restitution order.  We affirm.

¶ 2    After Nunez-Guardado exited a ride-share car without paying the fare, the driver followed him, and a physical altercation ensued between them.  The driver was ultimately transported to the hospital in an ambulance.  Nunez-Guardado was charged with two counts of class 4 felony second degree assault, misdemeanor harassment, petty theft, and a crime of violence count.  Pursuant to a plea agreement, he pleaded guilty to the petty theft count in exchange for the dismissal of the other charges.  The prosecution sought restitution, and, after a hearing, the district court ordered Nunez-Guardado to pay $1,618.74 to the driver for the cost of his ambulance bill.

¶ 3    Nunez-Guardado argues that the district court lacked authority to impose the restitution order because it was based on the dismissed assault counts, not the theft count of which he was convicted.  We reject this argument.

¶ 4    Courts may impose restitution for losses proximately caused by the offense for which a defendant is convicted.  *See* § 18-1.3-603(2)(b) (non-exhaustive list of allowable expenses "if proximately

1

caused by the crime"); *People v. Moss*, 2022 COA 92, ¶ 18 (Restitution need only be "tied to unlawful conduct for which a defendant was convicted."). Courts cannot impose restitution proximately caused by conduct related to dismissed counts unless the defendant agrees to pay such restitution at the time he enters his plea. § 18-1.3-603(11); *Roddy*, ¶¶ 5, 28.

¶ 5 The plea agreement here included such an agreement, stating that Nunez-Guardado "agree[d] to pay restitution in all other counts or cases that the People have agreed to dismiss as part of this plea." It also provided that Nunez-Guardado stipulated to causation for restitution purposes. Nunez-Guardado argues that this written agreement is not dispositive because statements the prosecutor made during the providency hearing altered or supplemented the written plea agreement's stipulation that he was liable for restitution on the dismissed charges.

¶ 6 We need not address this contention, however, because the record in this case reveals that the district court imposed restitution based on the theft count Nunez-Guardado was convicted of, not the dismissed assault counts.

¶ 7    At the restitution hearing, the court held that "[t]he act of theft is the proximate cause here."  The court explained that once Nunez-Guardado committed the theft, the driver's actions were foreseeable and arguably lawful and therefore not an intervening cause of the physical altercation.  *See Martinez v. People*, 2024 CO 6M, ¶¶ 33-43 (the court had the authority to impose restitution for damage to the victim's vehicle that was sustained as a result of the defendant's theft of the victim's bicycle and during the victim's pursuit of the defendant to recover the bicycle).

¶ 8    Put simply, the court held that the act of theft proximately caused the ambulance ride, the loss that the court ordered Nunez-Guardado to pay in restitution.  We therefore reject Nunez-Guardado's appellate argument as inapposite — he argues the court erred by imposing restitution on a basis that it simply didn't.  Because Nunez-Guardado does not challenge the basis on which the court actually ordered restitution, we must affirm.  *Cf. IBC Denver II, LLC v. City of Wheat Ridge*, 183 P.3d 714, 717-718 (Colo. App. 2008) (appellant's failure to challenge all reasons for district court's decision requires affirmance).

¶ 9    The order is affirmed.

JUDGE HARRIS and JUDGE GROVE concur.