25CA2293 Peo in Interest of AC 05-21-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA2293
Delta County District Court No. 23JV30029
Honorable J. Steven Patrick, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of A.C., a Child,

and Concerning E.M.,

Appellant.

---

JUDGMENT AFFIRMED

Division II
Opinion by JUDGE TOW
Harris and Brown, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 21, 2026

---

John Baier, County Attorney, Adriana Hartley, Assistant County Attorney, Delta, Colorado, for Appellee

Robert G. Tweedell, Guardian Ad Litem

Ainsley E. Baum, Office of Respondent Parents' Counsel, Denver, Colorado, for Appellant

¶ 1     In this dependency and neglect action, E.M. (mother) appeals the termination of her parent-child legal relationship with A.C. (the child).  We affirm.

## I.     Background

¶ 2     The Delta County Department of Human Services (the Department) filed a petition in dependency and neglect alleging that the child was born exposed to illegal substances.  The juvenile court adjudicated the child dependent and neglected and adopted a treatment plan for mother.  Almost a year later, the court terminated mother's parental rights on the Department's motion for summary judgment.  A division of this court reversed the termination judgment and remanded for further proceedings.  *See People in Interest of A.C.*, (Colo. App. No. 25CA0042, June 5, 2025) (not published pursuant to C.A.R. 35(e)).

¶ 3     On remand, the juvenile court held a contested hearing on the Department's termination motion.  At that hearing, the Department and the child's guardian ad litem (GAL) asserted two statutory bases for termination: (1) abandonment under section 19-3-604(1)(a), C.R.S. 2025; and (2) unfitness under

1

section 19-3-604(1)(c).  The juvenile court found that both bases had been established and terminated mother's parental rights.

## II.  Termination of Parental Rights

¶ 4     Mother contends that the juvenile court erred by finding (1) her treatment plan was appropriate and (2) the Department provided reasonable efforts to rehabilitate her.

¶ 5     But, as the Department and the GAL point out in their joint answer brief, mother does not challenge — or even acknowledge — the juvenile court's determination that she had abandoned the child.  And an abandonment determination can be made regardless of whether an appropriate treatment plan was adopted.  *People in Interest of S.Z.S.*, 2022 COA 133, ¶ 37.  Moreover, when the juvenile court's decision to terminate parental rights is based on a finding of abandonment, the court is not required to consider whether the department made reasonable efforts to rehabilitate a parent under a treatment plan.  *Id.*

¶ 6     Mother argues that we should not address the abandonment ground for termination, asserting that the Department and the GAL improperly raise it as a "new issue" in their joint answer brief.  But the fact that mother did not challenge the abandonment basis for

2

the court's termination of her parental rights does not make it a *new* issue; it is simply an unchallenged basis for the court's termination judgment. *See People in Interest of D.C-M.S.*, 111 P.3d 559, 562 (Colo. App. 2005) (findings supporting a termination of parental rights under multiple subsections create "an independent basis for termination"). It was, therefore, wholly appropriate for the Department and GAL to point out the existence of such an independent — and unchallenged —basis for the termination.

¶ 7 When there are multiple independent bases for a court's ruling, an appellant must challenge each of them on appeal. *IBC Denv. II, LLC v. City of Wheat Ridge*, 183 P.3d 714, 717-18 (Colo. App. 2008). Failure to do so requires that we affirm the court's ruling. *Id.*

¶ 8 Because mother failed to challenge the court's finding that mother abandoned the child or its conclusion that, as a result of this abandonment, termination of mother's parent-child relationship with the child was in the child's best interests, we must affirm and need not address her claims related to the court's other ground for termination. *See id.*

### III. Disposition

¶ 9     The judgment is affirmed.

JUDGE HARRIS and JUDGE BROWN concur.